**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- x
MERRILL STEINBERG, Individually, and On : 
Behalf of All Others Similarly Situated, :
                                                   :   Electronically Filed
          Plaintiff, :
                                                    :   Civil Action No.: 1:07-cv-09615-RPP
           v. :   (ECF Case)
                                                    :
ERICSSON LM TELEPHONE CO., CARL- :   Hon. Robert P. Patterson
HENRIK SVANBERG and KARL-HENRIK :
SUNDSTROM, :
                                           :
          Defendants. :
----------------------------------------------------------- x
(*Additional Captions on the Following Page*)

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**MOTION OF THE ERICSSON INSTITUTIONAL INVESTOR GROUP**
**FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF**
**<u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

```
--------------------------------------------------------- x
STATE-BOSTON RETIREMENT SYSTEM,          :
Individually, and On Behalf of All Others    :
Similarly Situated,                          :     Electronically Filed
                                             :
                Plaintiff,                   :     Civil Action No.: 1:07-cv-10659-RPP
                                             :     (ECF Case)
         v.                                  :
                                             :     Hon. Robert P. Patterson
ERICSSON LM TELEPHONE CO., CARL-            :
HENRIK SVANBERG and KARL-HENRIK             :
SUNDSTROM,                                   :
                                             :
                Defendants.                  :
--------------------------------------------------------- x
CITY OF EDINBURGH COUNCIL ON                 :
BEHALF OF THE LOTHIAN PENSION               :
FUND, FORTIS INVESTMENT                      :     Electronically Filed
MANAGEMENT N.V./S.A., and DEKA              :
INVESTMENT GmbH, Individually, and On       :     Civil Action No.: 1:07-cv-11617-RPP
Behalf of All Others Similarly Situated,     :     (ECF Case)
                                             :
                Plaintiff,                   :     Hon. Robert P. Patterson
                                             :
         v.                                  :
                                             :
ERICSSON LM TELEPHONE CO., CARL-            :
HENRIK SVANBERG and KARL-HENRIK             :
SUNDSTROM,                                   :
                                             :
                Defendants.                  :
--------------------------------------------------------- x
```

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................... 2

ARGUMENT ............................................................................................................... 4

I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED ....................... 4

II.   THE ERICSSON INSTITUTIONAL INVESTOR GROUP SHOULD BE
      APPOINTED LEAD PLAINTIFF.................................................................... 5

      A.    The Procedural Requirements Pursuant to the PSLRA ......................... 5

      B.    The Ericsson Institutional Investor Group is the "Most Adequate Plaintiff" ......... 6

            1.    The Ericsson Institutional Investor Group Has Made a Timely
                  Motion for Appointment as Lead Plaintiff.................................. 6

            2.    The Ericsson Institutional Investor Group Has the Largest
                  Financial Interest........................................................................ 7

            3.    The Ericsson Institutional Investor Group Otherwise Satisfies Rule
                  23................................................................................................ 7

                  (a)    The Ericsson Institutional Investor Group Fulfills the Typicality
                         Requirement................................................................... 8

                  (b)    The Ericsson Institutional Investor Group Fulfills the Adequacy
                         Requirement................................................................... 9

            4.    The Ericsson Institutional Investor Group is the Prototypical Lead
                  Plaintiff Envisioned by the PSLRA ............................................. 9

III.  THE COURT SHOULD APPROVE THE ERICSSON INSTITUTIONAL
      INVESTOR GROUP'S CHOICE OF COUNSEL ........................................ 11

CONCLUSION......................................................................................................... 12

The City of Edinburgh Council on behalf of The Lothian Pension Fund ("Lothian"),

Fortis Investment Management N.V./S.A. ("Fortis Investments"), Deka Investment GmbH

("Deka"), and State-Boston Retirement System ("Boston") (collectively, the "Ericsson

Institutional Investor Group"), respectfully submit this Memorandum of Law in support of their

motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange

Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of

1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an order: (i)

consolidating the related actions; (ii) appointing the Ericsson Institutional Investor Group as lead

plaintiff of a class of purchasers of the securities of Ericsson LM Telephone Co. ("Ericsson" or

the "Company"); and (iii) approving the Ericsson Institutional Investor Group's selection of

Labaton Sucharow LLP ("Labaton Sucharow") as lead counsel for the Class.

## PRELIMINARY STATEMENT

This case involves allegations against Ericsson, a Sweden-based company that offers a

portfolio of telecommunication and data communication systems, and certain of its officers and

directors (collectively, "Defendants"), for violations of the federal securities laws stemming from

Defendants' materially false and misleading statements concerning demand for the Company's

new mobile networking equipment and demand for upgrades to existing networking equipment.

The Company's American Depositary Shares ("ADSs") are listed on the NASDAQ and it Class

A and B shares are listed on the Stockholm Stock Exchange.  This action is brought on behalf of

all persons and entities who purchased or otherwise acquired the securities of Ericsson between

February 2, 2007, and November 20, 2007, inclusive (the "Class Period").

Throughout the Class Period, Defendants issued statements to the public reassuring the

market that demand for the Company's new mobile networking equipment, and demand for

upgrades to existing networking equipment, remained strong. These statements stood in stark contrast to the statements issued by Ericsson's primary competitors, Alcatel-Lucent and Nokia-Siemens, which reported lower demand from its customers across product lines during the same time period. Defendants' reassurances of continued strong growth in 2007 were materially false and misleading when made because demand for the Company's products was weakening in many markets, particularly in Europe and North America.

On October 16, 2007, before the market opened, Ericsson issued a press release entitled "Lower than Expected Result for Ericsson in Third Quarter 2007." In this release, the Company attributed lower than previously-forecasted operating income to an "unexpected shift in business mix," away from the high margin network upgrades and toward low margin new network systems. On November 20, 2007, Defendants informed analysts following the Company that it was not simply a "margins" issue and that in fact, overall demand for the Company's products, particularly in Europe and North America, had "tightened" to the point that it expected fourth quarter profits to be at the low end of its forecast a few weeks earlier, and far below what it had consistently led the market to believe would be the case. As a result, Ericsson's stock price, which reached a Class Period high of $43.41 on July 12, 2007, fell to a three year low of $23.00 per share on November 21, 2007, after Defendants belatedly disclosed that demand for its products had fallen. Defendants' wrongdoing caused Plaintiffs and the members of the Class to be harmed economically.

On October 29, 2007, a complaint was filed in this Action in the U.S. District Court for the Southern District of New York, asserting claims under the Exchange Act.

Pursuant to the PSLRA, this Court should appoint the "most adequate plaintiff" to serve as Lead Plaintiff in the action. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court should

determine, among other things, which movant has the "largest financial interest" in the relief

sought by the Class in this litigation and has made a *prima facie* showing that it is an adequate

class representative under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I).  The Ericsson Institutional Investor Group meets these requirements.

The Ericsson Institutional Investor Group suffered losses of $24,108,908 on a first-in,

first-out ("FIFO") basis and $16,494,310 on a last-in, first-out ("LIFO").  FIFO/LIFO are the two

methods used by courts to match purchase and sale transactions for the purpose of calculating a

movant's loss. *See* e.g. *Weiss v. Friedman, Billings, Ramsey Group, Inc.*  2006 WL 197036 at 3,

n.8 (S.D.N.Y. 2006). To the best of its knowledge, the Ericsson Institutional Investor Group's

losses represent the largest known financial interest of any Class member seeking to be

appointed as lead plaintiff.  *See id*. at *3 ("As the movant with the largest losses, the Operating

Engineers Trust appears to have the largest financial interest in this matter.").

In addition, the Ericsson Institutional Investor Group satisfies each of the requirements of

the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, is

qualified for appointment as lead plaintiff in the Action.  Thus, the Ericsson Institutional Investor

Group is the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff.

## **ARGUMENT**

## I.     **THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions

of law and fact. *See Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001); *Aronson v. McKesson

HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999).  The Court has broad discretion under

this Rule to consolidate cases pending within its District.  *Johnson v. Celotex Corp.*, 899 F.2d

1281, 1284 (2nd Cir. 1990)

Courts recognize that class action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *See Johnson*, 899 F.2d at 1285; *Aronson*, 79 F. Supp. 2d at 1150. Consolidation facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976).

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same violations of federal securities laws, and is based on the same wrongful course of conduct. Each names the Company and the same individuals as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate.

## II.    THE ERICSSON INSTITUTIONAL INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The plaintiff which filed the complaint in this Action published a notice on *Business Wire* on October 29, 2007. *See* Ellman Decl. Ex. C. This notice correctly indicated that applications for appointment as lead plaintiff were to be made no later than December 28, 2007. Within 60 days after publication of the

required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> > (aa)  has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

**B.      The Ericsson Institutional Investor Group is the "Most Adequate Plaintiff"**

**1.      The Ericsson Institutional Investor Group Has Made a Timely Motion for Appointment as Lead Plaintiff**

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, the Ericsson Institutional Investor Group timely moves this Court to be appointed lead plaintiff on behalf of all plaintiffs and class members covered by the Action and any other actions deemed related by this Court.

## 2.    The Ericsson Institutional Investor Group
## Has the Largest Financial Interest

To the best of its knowledge, the $24,108,908 (FIFO) loss, or $16,494,310 (LIFO) loss,

incurred by the Ericsson Institutional Investor Group on its Class Period transactions in Ericsson

securities, is larger than that of any other movant. Therefore, the Ericsson Institutional Investor

Group meets the statute's financial interest requirement. *See Weiss* 2006 WL 197036 at *3;

*Caiafa v. Sea Containers Ltd*. 2006 WL 2381841 (S.D.N.Y. 2006) ("Wissner has filed a motion

in response to notice of the putative class action and has the largest financial interest measured in

terms of losses in the litigation."); *Weinberg v. Atlas Air Worldwide Holdings, Inc*. 216 F.R.D.

248, 252  S.D.N.Y. 2003 (movant with largest loss appointed as lead plaintiff).

## 3.    The Ericsson Institutional Investor Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial

interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the

requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a

party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is
> impracticable, (2) there are questions of law or fact common to the
> class, (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the
> interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two –  typicality and adequacy –

directly address the personal characteristics of the class representative.  Consequently, in

deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and

adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the

lead plaintiff moves for class certification.  *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182

F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same).  As detailed below, the Ericsson Institutional Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

(a)    **The Ericsson Institutional Investor Group
Fulfills the Typicality Requirement**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class.  Typicality exists "where the claims of the Lead Plaintiff arise from the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct."  *Glauser*, 236 F.R.D at 188-89.  However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality.  *See Sczensy Trust*, 223 F.R.D. at 325.

The Ericsson Institutional Investor Group seeks to represent a class of purchasers of Ericsson securities which have identical, non-competing and non-conflicting interests.  the Ericsson Institutional Investor Group satisfies the typicality requirement because it: (1) purchased or acquired Ericsson securities during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market.  *See Glauser*, 236 F.R.D. at 189 (discussing typicality requirement).  Thus, the Ericsson Institutional Investor Group's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

> **(b)     The Ericsson Institutional Investor Group
> Fulfills the Adequacy Requirement**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  In order to meet the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation."  *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 413 (S.D.N.Y. May 27, 2004).  The Ericsson Institutional Investor Group's interests in this action are perfectly aligned with the interests of absent class members, and Labaton Sucharow, the group's selected lead counsel, has decades of experience in effectively prosecuting securities class actions.  Accordingly, the Court can be assured that the Ericsson Institutional Investor Group and their selected counsel will more than adequately protect the interests of absent class members.

> **4.     The Ericsson Institutional Investor Group
> is the Prototypical Lead Plaintiff Envisioned by the PSLRA**

In addition to satisfying the preliminary requirements of Rule 23, the Ericsson Institutional Investor Group is comprised of precisely the type of large, sophisticated institutional investors – the prototypical Lead Plaintiff – envisioned by the framers of the PSLRA.  As noted by Congress in the Statement of Managers, the PSLRA was enacted "to increase the likelihood that institutional investors will serve as lead plaintiff," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."  H.R. REP. NO. 104-369, at 34 (1995) (Conf. Rep.).  Indeed, the Ericsson Institutional Investor Group's members are sophisticated institutional investors with vast resources to adequately litigate this action and supervise class counsel.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001)

(noting that the legislative intent behind enacting the PSLRA was to encourage large institutional investors to serve as lead plaintiff); *see also Weiss v. Friedman, Billings, Ramsey Group, Inc.,* No. 05-cv-04617 (RJH) 2006 U.S. Dist. LEXIS 3028, at *3-4 (S.D.N.Y Jan. 26, 2005) (same). The members of the Ericsson Institutional Investor Group have submitted sworn certifications demonstrating their desire to serve as Lead Plaintiff in this Action and their understanding of the attendant duties. *See* Ellman Decl. Ex. A. The Ericsson Institutional Investor Group is comprised of both U.S based and non-U.S. based investors, which is representative of the class as a whole. Each member of the Ericsson Institutional Investor Group has also filed a complaint against Ericsson.

In addition, the members of the Ericsson Institutional Investor Group convened a conference call on December 21, 2007 to discuss the present motion for lead plaintiff.  *See* Ellman Declaration, Ex. D (attaching Joint Declaration of Geik Drever, Dominique Lienart, Helge Klose and Dr. Manfred Nuske, and Daniel J. Greene in Support of the Motion of the Ericsson Institutional Investor Group for Appointment as Lead Plaintiff, Approval of Their Selection of Lead Counsel, and Consolidation of All Related Actions) at ¶ 26.  On the conference call, they discussed the fiduciary responsibilities each owes to the Class and the duties imposed on lead plaintiffs by the PSLRA, and the way in which they would fulfill those duties.  The members of the Ericsson Institutional Investor Group agreed to prosecute this action together, in the best interests of the Class, as envisioned by the PSLRA.  *See id.*  Accordingly, the Ericsson Institutional Investor Group is the ideal lead plaintiff -- it is a small, cohesive group of institutional investors, each with a substantial financial interest, that, as a group, reflects the diversity of the class it seeks to represent.

III.    **THE COURT SHOULD APPROVE THE ERICSSON**
        **<u>INSTITUTIONAL INVESTOR GROUP'S CHOICE OF COUNSEL</u>**

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class.  *See Weiss*, 2006 U.S. Dist. LEXIS 3028, at *20.  Labaton Sucharow LLP has had a leading role in numerous important actions on behalf of defrauded investors.  Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time.  See Labaton Sucharow Firm Resume, Ellman Decl. Ex. E; *see also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions").  Also, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against American International Group Inc., HealthSouth Corp., St. Paul Travelers Corp., Amgen, Countrywide, and others.  Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

Because there is nothing to suggest that the Ericsson Institutional Investor Group or its counsel will not fairly and adequately represent the Class, or that the Ericsson Institutional Investor Group is subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Exchange Act – the Court should appoint the Ericsson Institutional Investor Group as lead plaintiff and approve its selection of Labaton Sucharow LLP to serve as Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, the Ericsson Institutional Investor Group respectfully requests that the Court: (A) consolidate the related actions; (B) appoint the Ericsson Institutional Investor Group as Lead Plaintiff; and (C) approve Labaton Sucharow LLP as Lead Counsel for the Class.

Dated: December 28, 2007

Respectfully submitted,

**LABATON SUCHAROW LLP**

By:  /s/ Christopher J. Keller
Christopher J. Keller (CK-2347)
Eric J. Belfi (EB-8895)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
140 Broadway
New York, New York 10005
Telephone:  (212) 907-0700
Facsimile:   (212) 818-0477

*Attorneys for the Ericsson Institutional Investor Group and Proposed Lead Counsel for the Class*