UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
MERRILL STEINBERG, Individually, and On : 
Behalf of All Others Similarly Situated, :
: Electronically Filed
Plaintiff, :
: Civil Action No.: 1:07-cv-09615-RPP
v. : (ECF Case)
:
ERICSSON LM TELEPHONE CO., CARL- : Hon. Robert P. Patterson
HENRIK SVANBERG and KARL-HENRIK :
SUNDSTROM, :
:
Defendants. :
------------------------------------------------------------ x

(*Additional Captions on the Following Page*)

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE
MOTION OF THE ERICSSON INSTITUTIONAL INVESTOR GROUP
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO
<u>THE OTHER MOVANT</u>**

| | | |
|---|---|---|
| ------------------------------------------------------- x | | |
| STATE-ERICSSON INSTITUTIONAL INVESTOR GROUP RETIREMENT SYSTEM, Individually, and On Behalf of All Others Similarly Situated, | : : : : : | Electronically Filed |
| Plaintiff, | : : : | Civil Action No.: 1:07-cv-10659-RPP (ECF Case) |
| v. | : : | Hon. Robert P. Patterson |
| ERICSSON LM TELEPHONE CO., CARL-HENRIK SVANBERG and KARL-HENRIK SUNDSTROM, | : : : : : | |
| Defendants. | : | |
| ------------------------------------------------------- x | | |
| CITY OF EDINBURGH COUNCIL ON BEHALF OF THE LOTHIAN PENSION FUND, FORTIS INVESTMENT MANAGEMENT N.V./S.A., and DEKA INVESTMENT GmbH, Individually, and On Behalf of All Others Similarly Situated, | : : : : : : : | Electronically Filed  Civil Action No.: 1:07-cv-11617-RPP (ECF Case) |
| Plaintiff, | : | Hon. Robert P. Patterson |
| v. | : : : | |
| ERICSSON LM TELEPHONE CO., CARL-HENRIK SVANBERG and KARL-HENRIK SUNDSTROM, | : : : : | |
| Defendants. | : | |
| ------------------------------------------------------- x | | |

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 3

    POINT I    THE ERICSSON INSTITUTIONAL INVESTOR GROUP IS THE MOST ADEQUATE PLAINTIFF ................................................................. 3

        A.    Ericsson Institutional Investor Group Has the Largest Financial Interest in the Litigation ....................................................... 3

        B.    Ericsson Institutional Investor Group Satisfies the Requirements of Rule 23 ................................................................... 4

    POINT II    FURHER'S FINANCIAL INTEREST IS UNSUBSTANTIATED .............. 7

    POINT III   FURHER IS SUBJECT TO UNIQUE DEFENSES ..................................... 7

CONCLUSION ...................................................................................................................... 10

On December 28, 2007, the City of Edinburgh Council on behalf of the Lothian Pension Fund ("Lothian"), Fortis Investment Management N.V./S.A. ("Fortis Investments"), Deka Investment GmbH ("Deka"), and State-Boston Retirement System ("Boston") (collectively, the "Ericsson Institutional Investor Group"), moved this Court pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an order: (i) consolidating the related actions; (ii) appointing the Ericsson Institutional Investor Group as lead plaintiff of a class of purchasers of the securities of Ericsson LM Telephone Co. ("Ericsson" or the "Company"); and (iii) approving the Ericsson Institutional Investor Group's selection of Labaton Sucharow LLP ("Labaton Sucharow") as lead counsel for the Class.

This is the Ericsson Institutional Investor Group's opposition brief to the lead plaintiff/lead counsel motion filed by Jacques Furher ("Furher"), the only other lead plaintiff movant.

**INTRODUCTION**

The lead plaintiff appointment process is governed by the PSLRA. The PSLRA sets forth a straightforward, three step process for the appointment of lead plaintiff. In the first step, the court identifies the movant with the "largest financial interest" in the class claims. 15 U.S.C. § 78u-4(a)(3)(B)(i). In the second step, the Court determines whether that movant also meets the typicality and adequacy requirements of Rule 23 of the federal Rules of Civil Procedure. *See id.* If such movant satisfies these requirements, it becomes the "presumptive lead plaintiff". In step three, competing lead plaintiff applicants may submit "proof" that meets the very heavy burden

of proving that the presumptive lead plaintiff cannot adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see In re Cendant Sec. Litig.*, 264 F.3d 201, 262-64 (3d Cir. 2001).

Because the adequacy and typicality analysis is easy to meet at this stage of the litigation, the outcome-determinative factor on lead plaintiff motions is often financial interest. Most courts have deemed the investor who suffered the largest approximate loss during the class period to have the "largest financial interest." *See, e.g., Vladimir v. Bioenvision, Inc.*, No. 07-CV-6416 (SHS) (AJP), at 10 (S.D.N.Y. Dec. 21, 2007) (stating that most courts have found "the approximate loss suffered during the class period to be the most important factor in determining who should be the lead plaintiff," and collecting cases) (attached as Ex. A); *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 104 (S.D.N.Y. 2007) (Robinson, J.) (same); *see also Takara Trust v. Molex Inc.,* 229 F.R.D. 577, 579 (N.D Ill. 2005) (in determining the largest financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses").

The Ericsson Institutional Investor Group has a loss of $24.1 million calculated using the first-in-first-out (FIFO) method of matching class period buys and sells, or $16.5 million using the more conservative last-in-first-out (LIFO) method. While some courts have preferred one method over the other under various circumstances, such preferences are irrelevant here because the only other movant, Jack Furher, claims a loss of $1,080,869, which is **sixteen times smaller** than the most conservative calculation of the Ericsson Institutional Investor Group's loss. The Ericsson Institutional Investor Group is also adequate and typical. Accordingly, it meets the criteria for appointment as lead plaintiff. *See Sofran v. Labranche Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. Mar. 22, 2004) (Sweet, J.) (quoting *In re Cavanaugh,* 306 F.3d 726, 732 (9th Cir. 2002): "Once ... the court identifies the plaintiff with the largest stake in the litigation, further

inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements."); *Rozenboom v. Van Der Moolen Holding, N.V.*, 2004 WL 816440 (S.D.N.Y. Apr 14, 2004) (Sweet, J.) (same); *In re Warnaco Group, Inc. Sec. Litig.*, No. 00 Civ. 6266 (LMM), 2004 WL 1574690, at *1 (S.D.N.Y. July 13, 2004) (McKenna, J.) ("The 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23.").

In addition to lacking the requisite financial interest, Furher's motion should be denied because he is subject to a unique defense. Furher sold many put and call options during the class period, and claims losses from puts that were exercised. Furher lost money on these transactions because he was forced to buy Ericsson stock at above market prices. This renders him subject to the defense that he cannot avail himself of the fraud on the market theory of establishing the reliance element of the Section 10(b) claim, unlike other class members.

## ARGUMENT

### POINT I

### THE ERICSSON INSTITUTIONAL INVESTOR GROUP IS THE MOST ADEQUATE PLAINTIFF

A.  **Ericsson Institutional Investor Group Has the Largest Financial Interest in the Litigation**

The first step in the lead plaintiff selection process is identification of the applicant with the "largest financial interest" in the recovery sought by the class. Courts in this jurisdiction uniformly resolve this issue by identifying the investor who suffered the largest loss and recognizing that investor as having the "largest financial interest." *See Vladimir*, No. 07-CV-6416 (SHS) (AJP), at 10; *Strougo*, 243 F.R.D. at 104; *Weiss v. Friedman, Billings, Ramsey*

*Group, Inc.*, No. 05-CV-04617 (RJH), 2006 WL 197036, at *3 (S.D.N.Y. Jan. 25, 2006) (Holwell, J.), *see also Takara Trust,* 229 F.R.D. at 579.

| ERICSSON INSTITUTIONAL INVESTOR GROUP | $24,108,908- FIFO<br>$16,494,310- LIFO |
|---|---|
| The City of Edinburgh Council on behalf of the Lothian Pension Fund | $5,709,432.81- FIFO & LIFO |
| Fortis Investment Management N.V./S.A. | $2,930,504.71- FIFO<br>$377,592.24- LIFO |
| Deka Investment GmbH | $14,452,859.62 - FIFO<br>$9,711,029.80 - LIFO |
| State-Boston Retirement System | $1,016,574.36 - FIFO<br>$82,738.88 - LIFO |
| JACQUES FURHER | $1,080,869.00 |

Here, under the conservative LIFO methodology, the Ericsson Institutional Investor Group's loss is $16.5 million, much larger than Furher's loss of just over $1 million.

**B.     Ericsson Institutional Investor Group Satisfies the Requirements of Rule 23**

Once the court has identified the movant with the largest financial interest in the litigation, it next determines whether that plaintiff preliminarily meets the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Sofran v. Labranche Co.*, 220 F.R.D. at 402 ("Once ... the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.") (internal citation omitted).

As demonstrated in its opening brief, the Ericsson Institutional Investor Group readily meets the adequacy and typicality requirements of Rule 23. *See* Ericsson Institutional Investor

-4-

Group Opening Br. at 6-8.  Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class.  Typicality exists if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993); s*ee also Oxford Health,* 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (same).  However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality.  *See Ferrari v. Impath*, No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).  Here, the Ericsson Institutional Investor Group is typical because it purchased Ericsson shares during the Class Period: (a) at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants, and (b) was damaged by defendants' alleged violations of the federal securities laws.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to determining: (1) that there is no conflict between the interests of the class and the named plaintiff nor collusion among the litigants; and (2) that the parties' attorney is qualified, experienced, and generally able to conduct the proposed litigation.  *Sofran*, 220 F.R.D. at 402-03.  As detailed above, the Ericsson Institutional Investor Group share common questions of law and fact with the members of the Class and their claims are typical of the claims of other Class members.  Furthermore, the Ericsson Institutional Investor Group has the largest known financial interest which gives it "an incentive to prosecute the action vigorously."  *Ferrari v. Gisch,* 225 F.R.D. 599, 607 (C.D. Cal. 2004).  Finally, the Ericsson Institutional Investor Group's attorneys, Labaton Sucharow, have a national reputation for successfully prosecuting complex securities class actions.  *See* Ericsson Institutional Investor Group Opening Br. at 9; *see*

*also* Firm Resume, attached to Ellman Decl, Ex. E.  Thus, the Ericsson Institutional Investor Group, in addition to having the largest financial interest, also satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore, satisfies all elements of the Exchange Act's prerequisites for appointment as Lead Plaintiff in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Having established that it has the largest financial interest in the relief sought by the Class and that it satisfies the requirements of Rule 23, the Court should appoint the Ericsson Institutional Investor Group as lead plaintiff in this litigation.

Under the PSLRA, once the court has identified the movant (here Ericsson Institutional Investor Group) with the largest financial interest, and finds that it has preliminarily met the requirements of Rule 23, such movant enjoys the presumption that it is the most adequate plaintiff.  This presumption can only be regarded with **"proof"** that such movant does not meet the adequacy or typicality requirements of rule 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Speculative and baseless allegations challenging the Ericsson Institutional Investor Group's adequacy or typicality must be rejected.  *See, e.g., Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (Sweet, J.) (emphasizing that the PSLRA requires proof of inadequacy, not speculation);  *In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d 261, 263-64 (D.D.C. 2005) (same); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324-325 (S.D.N.Y. 2004) ("conclusory assertions of inadequacy are . . . insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …").

Finally, as demonstrated in the opening memorandum and the accompanying declaration signed by the members of the Ericsson Institutional Investor Group, the group members acknowledge their understanding of the fiduciary responsibilities that they would owe as lead

-6-

plaintiffs to absent class members and their commitment to efficiently prosecuting this litigation in the best interest of all absent class members.  *See* Joint Declaration of Geik Drever, Dominique Lienart, Helge Klose and Dr. Manfred Nuske, and Daniel J. Greene in Support of the Motion of the Ericsson Institutional Investor Group for Appointment as Lead Plaintiff, Approval of Their Selection of Lead Counsel, and Consolidation of All Related Actions, attached to Ellman Decl., Ex. D.

### POINT II

### FURHER'S FINANCIAL INTEREST IS UNSUBSTANTIATED

Jacques Furher's stated financial interest, in addition to being significantly less than that of the Ericsson Institutional Investor Group as reported, is not properly calculated.  The loss analysis submitted with the motion of Furher is incomprehensible and departs from the way in which such calculations are usually done, *i.e.*, matching purchases and sales using LIFO or FIFO and then valuing retained shares under the formula contained in 15 U.S.C. 78u-4(e).  Here, Fuhrer's hodge-podge of common stock transactions, sales of puts and calls, and covering transactions, are not matched in any discernible way.  By our calculation (adding the funds that Fuhrer claims he spent and subtracting the funds he claims to have received), Furher's interest is not $1,080,869, as he claims, but only $738,000.  (Attached as Ex. B)

### POINT III

### FURHER IS SUBJECT TO UNIQUE DEFENSES

Even if Furher did posses the largest financial interest, he could not be appointed as lead plaintiff because he is subject to a "unique defense", *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb), as a result of his sales of Ericsson put and call options.  *See* Furher Certification and Transactions in Ericsson Securities, attached as Ex. B to Decl. of Brian Murray.  Specifically, Defendants may argue that Furher cannot rely on the "fraud on the market" theory to prove the reliance element

of a Section 10(b) cause of action on a material portion of his transactions. As this Court has explained:

> The fraud on the market theory is based on the hypothesis that, in an open and developed securities market, the price of a company's stock is determined by the available material information regarding the company and its business.... Misleading statements will therefore defraud purchasers of stock even if the purchasers do not directly rely on the misstatements.... The causal connection between the defendants' fraud and the plaintiffs' purchase of stock in such a case is no less significant than in a case of direct reliance on misrepresentations.

*In re Gaming Lottery Securities Litigation*, No. 96-cv-7936 (RPP), 2001 WL 204219, at *17 (S.D.N.Y. Mar. 1, 2001) (Patterson, J.) (quoting *Basic v. Levinson*, 485 U.S. 224, 243 (1988)). The presumption may be rebutted by showing that "an individual plaintiff traded **or would have traded despite his knowing the statement was false**." *Basic*, 484 U.S. at 248 (emphasis added).

Furher claims losses of $506,724 as a result of purchases of Ericsson stock pursuant to put contracts he sold that were exercised.[1] These transactions are identified as "forced purchases" in the loss chart submitted as "Exhibit C" to Furher's motion papers. In other words, a material portion of Furher's loss on transactions in Ericsson stock were incurred because he bought Ericsson shares at above-market prices. The presumption of reliance with respect to such forced purchases may be rebutted because Furher would have bought the shares at that price even if he knew that the share price was inflated. Indeed, he did know they were inflated because the strike price of in-the-money puts is always "inflated" relative to the prevailing market price. That is the point of purchasing a put – to allow the purchaser to sell shares above the market, which forces the seller of the put (Furher) to buy them. Unlike other class members who bought

---

[1] "A put option (sometimes simply called a "put") is a financial contract between two parties, the buyer and the writer (seller) of the option. The put allows the buyer the right but not the obligation to sell a commodity or financial instrument (the underlying instrument) to the writer (seller) of the option at a certain time for a certain price (the strike price). The writer (seller) has the obligation to purchase the underlying asset at that strike price, if the buyer exercises the option." http://en.wikipedia.org/wiki/Put_option; *see also In re Credit Suisse First Boston Corp. Sec. Litig.*, No. 97-cv-4760 (JGK) (S.D.N.Y. Oct. 20, 1998), 1998 WL 734365 at 12.

-8-

Ericsson stock **at market prices** at the same time Furher did because they believed the price reflected all available information about Ericsson, Furher bought Ericsson shares at **above market prices** because he was, as he admits, "forced" to. Furher's above-market purchase prices did not reflect all "available material information regarding the company and its business," they rather reflected his contractual obligation to buy the stock at that price. *In re Gaming Lottery Securities Litigation*, 2001 WL 204219, at *17.

Whether this unique defense will, in fact, doom Furher's claims is not relevant. *See Landry v. Price Waterhouse Chartered Accountants*, 123 F.R.D. 474, 476 (S.D.N.Y. 1989) (Edelstein, J.) ("[W]hether these defenses will be successful is of no matter. The fact that plaintiffs will be subject to such defenses renders their claims atypical of other class members. Each of these plaintiffs would be required to devote considerable time to rebut the claim that their purchases were based not on the integrity of the market, but on non-public information. Clearly, this situation would prejudice absent class members.").

## CONCLUSION

For the foregoing reasons, the Ericsson Institutional Investor Group respectfully requests that the Court: (A) consolidate the related actions; (B) appoint the Ericsson Institutional Investor Group as Lead Plaintiff; and (C) approve Labaton Sucharow LLP as Lead Counsel for the Class.

Dated: January 17, 2008

Respectfully submitted,

**LABATON SUCHAROW LLP**

By:  /s/ Christopher J. Keller
Christopher J. Keller (CK-2347)
Eric J. Belfi (EB-8895)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
140 Broadway
New York, New York 10005
Telephone:  (212) 907-0700
Facsimile:   (212) 818-0477

*Attorneys for the Ericsson Institutional Investor Group and Proposed Lead Counsel for the Class*