**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
MERRILL STEINBERG, Individually, and On : 
Behalf of All Others Similarly Situated, :
                                                    : Electronically Filed
                    Plaintiff, :
                                                    : Civil Action No.: 1:07-cv-09615-RPP
             v. : (ECF Case)
                                                    :
ERICSSON LM TELEPHONE CO., CARL- : Hon. Robert P. Patterson
HENRIK SVANBERG and KARL-HENRIK :
SUNDSTROM, :
                                                    :
                  Defendants. :
---------------------------------------------------------- x

(*Additional Captions on the Following Page*)


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE
MOTION OF THE ERICSSON INSTITUTIONAL INVESTOR GROUP
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF
<u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

| | | |
|---|---|---|
| ------------------------------------------------------------ x | | |
| STATE-BOSTON RETIREMENT SYSTEM, Individually, and On Behalf of All Others Similarly Situated, | : : : : | Electronically Filed |
| Plaintiff, | : : | Civil Action No.: 1:07-cv-10659-RPP (ECF Case) |
| v. | : : | Hon. Robert P. Patterson |
| ERICSSON LM TELEPHONE CO., CARL-HENRIK SVANBERG and KARL-HENRIK SUNDSTROM, | : : : : | |
| Defendants. | : | |
| ------------------------------------------------------------ x | | |
| CITY OF EDINBURGH COUNCIL ON BEHALF OF THE LOTHIAN PENSION FUND, FORTIS INVESTMENT MANAGEMENT N.V./S.A., and DEKA INVESTMENT GmbH, Individually, and On Behalf of All Others Similarly Situated, | : : : : : : : | Electronically Filed  Civil Action No.: 1:07-cv-11617-RPP (ECF Case) |
| Plaintiff, | : : | Hon. Robert P. Patterson |
| v. | : : | |
| ERICSSON LM TELEPHONE CO., CARL-HENRIK SVANBERG and KARL-HENRIK SUNDSTROM, | : : : : | |
| Defendants. | : | |
| ------------------------------------------------------------ x | | |

- ii -

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iv

ARGUMENT ......................................................................................................................... 2

I.    Furher's Factual And Legal Mischaracterizations Do Not Rebut The Presumption That The Ericsson Institutional Investor Group Is The Most Adequate Plaintiff ............... 2

    A.    The Ericsson Institutional Investor Group is an Ideal Lead Plaintiff Group ................................................................................................................. 2

    B.    The Longest Class Period in the Filed Complaints is the Appropriate Class Period ...................................................................................... 6

    C.    Deka Submitted an Accurate and Complete Certification ..................................... 7

II.    The Ericsson Institutional Investor Group is Not Subject to a Unique Defense ................ 8

III.    Fortis is Adequate and Typical Because It Has Suffered LIFO Losses ............................ 10

CONCLUSION ..................................................................................................................... 10

## TABLE OF AUTHORITIES

## FEDERAL CASES

...

# TABLE OF AUTHORITIES

# FEDERAL CASES

*In re Baan Co. Sec. Litig.*,
    186 F.R.D. 214 (D.D.C. 1999) ............................................................................................2

*Borochoff v. Glaxosmithkline PLC*,
    246 F.R.D. 201 (S.D.N.Y. 2007) .........................................................................................8

*In re Cardinal Health, Inc. Sec. Litig.*,
    226 F.R.D. 298 (S.D. Ohio 2005) .......................................................................................4

*Constance Sczesny Trust v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) .........................................................................................1

*Corwin v. Seizinger*,
    No. 07-cv-6728 (DC), 2008 WL 123846 (S.D.N.Y. Jan. 8, 2008) ................................7,8,9

*In re Fannie Mae Sec. Litig.*,
    355 F. Supp. 2d 261 (D.D.C. 2005)  (same) ......................................................................1

*Ferrari v. Gisch*,
    225 F.R.D. 599 (C.D. Cal. 2004) ........................................................................................4

*Frank v. Dana Corp.*,
    237 F.R.D. 171 (N.D. Ohio 2006) ....................................................................................10

*In re Gaming Lottery Sec. Litig.*,
    58 F. Supp. 2d 62 (S.D.N.Y. 1999) .....................................................................................8

*Grand Lodge of Pennsylvania v. Coast Financial Holdings, Inc., et al.*,
    No. 8:07-cv-479-T26-EAJ 2007 WL 1812641 (MD. Fla. 2007) ........................................6

*Laborers Local 1298 Pension Fund v. Campbell Soup Co.*,
    No. 00-CV-152, 2000 WL 486956 (D.N.J. Apr. 24, 2000) ................................................2

*In re Network Assocs., Inc. Sec. Litig.*,
    76 F. Supp. 2d 1017 (N.D. Cal. 1999) ................................................................................4

*In re Nortel Networks*,
    No. 01 Civ. 1855(RMB), 2003 WL 22077464 (S.D.N.Y. Sept. 8, 2003) ...........................8

*In re Northwestern Corp. Sec. Litig.*,
    299 F. Supp. 2d 997 (D.S.D. 2003) ....................................................................................5

*Olsen v. New York Cmty. Bancorp., Inc.*,
   233 F.R.D. 101 (E.D.N.Y. 2005) ................................................................................... 2

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ..................................................................................... 2

*In re Party City Sec. Litig.*,
   189 F.R.D. 91 (D.N.J. 1999) .......................................................................................... 6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................................... 2

*Piven v. Sykes Enter., Inc.*,
   137 F. Supp. 2d 1295 (M.D. Fla. 2000) ........................................................................ 6

*In re Razorfish, Inc. Sec. Litig.*,
   143 F. Supp. 2d 304 (S.D.N.Y. 2001) ....................................................................... 3, 5

*In re Ribozyme Pharms. Sec. Litig.*,
   192 F.R.D. 656 (D. Colo. 2000) .................................................................................... 5

*Richardson v. TVIA, Inc.*,
   No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ....................... 9

*Schoenfeld v. Dendreon Corp.*,
   No. 07-cv-800 MJP, 2007 WL 2916533 (W.D. Wash. Oct. 4, 2007) ......................... 4

*Sofran v. LaBranche & Co., Inc.*,
   220 F.R.D. 398 (S.D.N.Y. 2004) ................................................................................... 1

*In re Star Gas Sec. Litig.*,
   No.  04-CV-1766 (JBA), 2005 WL 818617 (D. Conn. Apr. 8, 2005) .......................... 5

*Takeda v. Turbodyne Techs., Inc.*,
   67 F. Supp. 2d 1129 (C.D. Cal. 1999) .......................................................................... 2

*In re Tarragon Corp. Sec. Litig.*
   No. 07-cv-7972 (PKC), 2007 WL 4302732 (S.D.N.Y. Dec. 6, 2007) ..................... 3, 5

*In re Veeco Instruments, Inc. Sec. Litig.*,
   233 F.R.D. 330 (S.D.N.Y. 2005) ................................................................................... 3

*In re Vivendi Universal, S.A. Sec. Litig.*,
   241 F.R.D. 213 (S.D.N.Y. 2007) ............................................................................... 8, 9

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ...................................................................................................2

## DOCKETED CASES

*In re Able Laboratories Sec. Litig.*,
    No. 05-cv-2681 (JAG) (D. N.J. Mar. 17, 2006).........................................................................7

*Kadigan v. Harley-Davidson, Inc.*,
    No. 05-cv-547 (E.D. Wis. Feb. 14, 2006).............................................................................6, 7

*In re NPS Pharm., Inc., Sec. Litig.*,
    No. 06-cv-00570-PGC-PMW (D. Utah Nov. 17, 2006) .........................................................10

## STATUTES

15 U.S.C. § 78u-4(a)(3)(B)(i) ........................................................................................................1, 2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb) ......................................................................................1

Fed. R. Civ. P. 23..............................................................................................................................1

The City of Edinburgh Council on behalf of the Lothian Pension Fund ("Lothian"), Fortis Investment Management N.V./S.A. ("Fortis Investments"), Deka Investment GmbH ("Deka"), and State-Boston Retirement System ("Boston") (collectively, the "Ericsson Institutional Investor Group"), respectfully submit this Reply Memorandum of Law in further support of their lead plaintiff/lead counsel motion, to address arguments raised by competing lead plaintiff movant Jacques Furher ("Furher").

The Ericsson Institutional Investor Group's financial interest in the outcome of this litigation is indisputably and exponentially larger than that of Furher and it meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure, making the Ericsson Institutional Investor Group the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i); *see* Ericsson Institutional Investor Group Opp. Mem. at 3-7.  That presumption may only be rebutted upon "**proof**" by a competing lead plaintiff movant that the Ericsson Institutional Investor Group cannot fairly and adequately represent the class or is subject to unique defenses rendering it incapable of adequately representing the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb).

This is a high standard that is rarely met because courts interpret the statute to mean what it says.  Accordingly, "conclusory assertions of inadequacy are . . . insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …." *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324-325 (S.D.N.Y. 2004) (Stein, J.) (appointing movant with largest loss in the securities purchased during the class period, and finding attempted rebuttal unsuccessful)*; see e.g., Sofran v. LaBranche & Co., Inc*., 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (Sweet, J.) (emphasizing that the PSLRA requires proof of inadequacy, not speculation);  *In re Fannie Mae Sec. Litig*., 355 F. Supp. 2d 261, 263-64 (D.D.C. 2005)

(same).  Furher's patent mischaracterization of the facts and the law is not the "proof" demanded by the statute (or, arguably, the factual basis required by Rule 11), and, accordingly, he has not met his burden of demonstrating why the Ericsson Institutional Investor Group should not be appointed.  The Ericsson Institutional Investor Group's motion for appointment as lead plaintiff and approval of selection of counsel should therefore be granted.

## ARGUMENT

**I. Furher's Factual And Legal Mischaracterizations Do Not Rebut The Presumption That The Ericsson Institutional Investor Group Is The Most Adequate Plaintiff**

**A. The Ericsson Institutional Investor Group is an Ideal Lead Plaintiff Group**

The argument that groups should not be appointed lead plaintiffs is contrary to the express language of the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (the court shall appoint the "member or members of the purported plaintiff class" as lead plaintiff, and the presumption should go to the "person or group of persons. . ." ).  The argument is also inconsistent with the majority of cases, including many within this District.  *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.,* 229 F.R.D. 395 (S.D.N.Y. 2004) (Sweet, J.) (appointing a group of two unrelated movants).[1]

In fact, courts have held that a small group whose composition reflects the diversity of the class offers a representational benefit. *See Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129 (C.D. Cal. 1999) ("Thus, the geographical diversity of the Kadner Group is representative of the class as a whole".); *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 46 (S.D.N.Y. 1998) (Brieant, J.); *Laborers Local 1298 Pension Fund v. Campbell Soup Co.,* No. 00-

---

[1] *See also Weltz v. Lee*, 199 F.R.D. 129, 132 (S.D.N.Y. 2001) (Batts, J.) (seven unrelated movants); *Olsen v. New York Cmty. Bancorp., Inc.*, 233 F.R.D. 101, 106-07 (E.D.N.Y. 2005) (Hurley, J.) (two unrelated movants); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217-18 (D.D.C. 1999) (adopting the SEC's position that groups of three to five members are consistent with the PSLRA).

CV-152, 2000 WL 486956, at *3 (D.N.J. Apr. 24, 2000). This rationale applies strongly here because only the Ericsson Institutional Investor Group has a financial incentive to pursue a recovery for both U.S. and non-U.S. investors. The group structure ensures that all absent class members will be adequately represented.

None of the authorities cited by the competing movants addressed a small, cohesive *institutional* investor group whose members conferred prior to filing their motion and detailed their reasons for moving jointly.  In *In re Veeco Instruments, Inc. Securities Litigation*, 233 F.R.D. 330, 334 (S.D.N.Y. 2005),  Judge McMahon rejected an aggregation of nine **individual** shareholders.  In *Bhojwani v. Pistiolis*, 06-cv-13761 (CM) (KNF), slip op. at 4 (S.D.N.Y. July 31, 2007) (attached as Ex. 1),  Judge McMahon also disqualified an individual movant with the largest loss whose "carelessness about detail" undermined his adequacy and the adequacy of his associated group.  In *In re Tarragon Corp. Securities Litigation*,  No. 07-cv-7972 (PKC), 2007 WL 4302732, at *2 (S.D.N.Y. Dec. 6, 2007),[2]  Judge Castel declined to appoint either of two groups of unrelated **individual** investors.   In *In re Razorfish, Inc. Sec. Litig.,* 143 F. Supp. 2d 304, 308 (S.D.N.Y. 2001), Judge Rakoff rejected various groups because there was proof that the groups were attorney creations. *See id.* ("counsel . . . essentially conceded at oral argument that they had had only modest communication with their respective clients before bringing the instant motions.").

Furher also makes arguments that completely ignore the joint declaration submitted by the Ericsson Institutional Investor Group with its opening motion papers, which offers the precise evidence that he claims is missing.[3]  *See* Joint Declaration of Geik Drever, Dominique

---

[2] Furher inaccurately describes the *Tarragon* decision as "denying motion by unrelated **institutional** investors".  *See* Furher Opp. Br. at 4.

[3] Notwithstanding the Joint Declaration submitted with the group's moving papers, referencing a joint conference call days before, Furher argues that the Ericsson Institutional Investor Group has not indicated that it has

Lienart, Helge Klose and Dr. Manfred Nuske, and Daniel J. Greene in Support of the Motion of the Ericsson Institutional Investor Group for Appointment as Lead Plaintiff, Approval of Their Selection of Lead Counsel, and Consolidation of All Related Actions, attached to Ellman Decl., Ex. D (resubmitted for the Court's convenience as Ex. 2). The group's joint declaration proves that the members decided to move jointly for reasons that they thought would benefit the class. The members of the group establish that: (1) they formed a group of U.S. and non-U.S. investors in order to better reflect the composition of the class (¶ 27); (2) each understands the purposes of the PSLRA and is willing and able to actively participate in this litigation (¶¶ 5, 11, 17, 23); and (3) the members discussed these matters with each other before filing the motion (¶¶ 7, 13, 19, 25, 26). Furher has not only failed to submit any proof to support his "attorney-driven" charges, the record affirmatively disallows such an inference.

A number of courts have pointed to a group's submission of a declaration evidencing its members' prior communication as proof that the members will control counsel. *See Schoenfeld v. Dendreon Corp.*, No. 07-cv-800 MJP, 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007) ("proposed groups with no pre-litigation connection should submit a declaration providing information about the group's members, its structure and its intended functioning") (quoting *In re Network Assocs., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1026 (N.D. Cal. 1999)); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 307 (S.D. Ohio 2005) (appointing a small group of sophisticated institutional investors which "adduced information about its proposed manner of communication and decision-making" through submission of a joint declaration); *Ferrari v. Gisch*, 225 F.R.D. 599, 607-08 (C.D. Cal. 2004) (appointing a group of three investors who

---

"met or conferred before the filing of their joint motion," *see* Furher Opp. Br. at 3, and that the Ericsson Institutional Investor Group's submissions "are based solely on perfunctory certification forms, which lack any information about the background or preexisting relationships between its group members, information as to how it will cohesively act to effectively and efficiently serve as an aggregated lead plaintiff, or a justification for its extended leadership structure." *See id.* at 8. This is demonstrably untrue.

submitted a joint declaration); *In re Northwestern Corp. Sec. Litig.*, 299 F. Supp. 2d 997, 1006 (D.S.D. 2003) ("The Court is satisfied based upon the Joint Declaration submitted by the three members of the Carpenters Group that they will work as a cohesive group and each has a significant financial incentive to maximize the recovery for all NorthWestern securities' holders involved in this action."); *cf. In re Tarragon Corp. Sec. Litig.*, 2007 WL 4302732, at *1 (declining to appoint groups where "[t]here is no evidence that the members of these groups have ever communicated with other members of their respective group or will do so in the future. … There has been no showing that the members of either 'group' have, in fact, functioned as a group.").

Finally, the decisions rejecting groups really address the issue of whether a "group of persons **may combine their losses to create 'the largest financial interest' for purposes of the PSLRA**." *In re Ribozyme Pharms. Sec. Litig.*, 192 F.R.D. 656, 658 (D. Colo. 2000). That is not a concern with the Ericsson Institutional Investor Group because each member **individually**, with the exception of Boston, has a larger financial interest than Furher. Even courts averse to aggregation have appointed the group, or member of the group, that contains the movant with the single largest financial interest. In *In re Razorfish Sec. Litig.*, 143 F. Supp. 2d at 311, Judge Rakoff appointed the institution with the largest financial interest, which initially moved as part of a group. Here, the movant with the single largest financial interest is Deka, with a loss of $14,452,397, which is more than fourteen times larger than Furher's loss of $1,080,869. *See* Ericsson Institutional Investor Group Opp. Mem. at 4. The group issue raised by Furher is, accordingly, a red herring.

### B. The Longest Class Period in the Filed Complaints is the Appropriate Class Period

When faced with multiple varying class periods, the class period spanning the longest time frame should be used for the purpose of loss analysis. *See In re Star Gas Sec. Litig.*, No. 04-CV-1766 (JBA), 2005 WL 818617 (D. Conn. Apr. 8, 2005) (finding that the longest class period alleged is to be utilized in determining the largest financial interest.); *Grand Lodge of Pennsylvania v. Coast Financial Holdings, Inc., et al.*, 2007 WL 1812641, at *2 (MD. Fla. 2007) ("Grand Lodge asks this Court to delve into the merits of the claims and to define the class period at this early stage of the proceedings before a class has been certified or those issues have been fully briefed. **This it cannot do**.") (emphasis added); *In re Party City Sec. Litig.*, 189 F.R.D. 91, 94 n.3 (D.N.J. 1999) ("The *Catanzarite* Action is relied upon for purposes of this motion because the class period alleged therein covers the longest class period alleged in the actions filed against the Defendants.").

Furher cites to a case, *Piven v. Sykes Enter., Inc.*, 137 F. Supp. 2d 1295 (M.D. Fla. 2000), that disproves his point. *See* Furher Opp. Br. at 11-12. In *Piven*, the court calculated the movants' financial interest using the longest proposed class period.[4] The court reasoned that:

> Most significantly, the District Court has not defined the applicable class period at this preliminary stage in the litigation. … **Any limitation of the class period at this stage in the litigation would be improper**, as there is no such motion pending before the Court, the issue has not been adequately briefed, **and would effect be tantamount to entry of partial summary judgment limiting damages that may be sought in this case.**

*Piven*, 137 F. Supp. 2d at 1303 (emphasis added).

---

[4] The *Piven* court stated that "the class period is defined as that period in the notice published for the first action filed," 137 F. Supp. 2d at 1303, and Furher relies on this language to argue that the class period in the first-filed action should govern here, notwithstanding the *Piven* court's actual holding. It appears from the *Piven* decision, however, that the shorter class period was not even alleged in a timely-filed complaint, or in no complaint at all. This fact is implicit from the *Piven* court's reliance on *In re Telxon Corp. Securities Litigation*, where the court rejected the longer class period alleged in a complaint filed thirty days **after** the expiration of the deadline for filing lead plaintiff motions. *See Piven*, 137 F. Supp. 2d at 1303 (citing *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999)).

C.     **Deka Submitted an Accurate and Complete Certification**

Deka submitted a wholly accurate and complete Certification. Furher argues that Deka failed to state on its Certification that it was appointed to serve as a lead plaintiff in *Kadigan v. Harley-Davidson, Inc.*, No. 05-cv-547 (E.D. Wis. Feb. 14, 2006) (attaching lead plaintiff order as Ex. 3), and *In re Able Laboratories Securities Litigation*, No. 05-cv-2681 (JAG) (D.N.J. Mar. 17, 2006) (attaching lead plaintiff order as Ex. 4) As is evident from the lead plaintiff orders themselves, Deka International S.A. Luxembourg was appointed lead plaintiff in the *Harley-Davidson* case and Deka International (Ireland) Limited was appointed lead plaintiff in the *Able Laboratories* case – **not** Deka Investment GmbH, the movant here. Deka Investment GmbH is a legally independent corporate entity from the Luxembourg and Ireland entities and therefore is not required to list those entities' lead plaintiff appointments on its certification. *See Corwin v. Seizinger*, 07-cv-6728 (DC), 2008 WL 123846, *4 (S.D.N.Y. Jan. 8, 2008) (Chin, J.) (holding that an investment advisor is not required to include the transactions of one of its investment funds, which was a legally independent entity from the investment fund with which the advisor moved for lead plaintiff). The argument that Deka is uninformed about its actions is not only demonstrably false, it is shocking. Furher's counsel here, Murray Frank & Sailer, is counsel for the Deka Luxembourg and Ireland entities in *Harley-Davidson* and were counsel for Deka Ireland in the *Able* action.[5] *See Kadigan v. Harley-Davidson, Inc.*, No. 05-cv-547, slip op. at 4 (Feb. 14, 2006); *In re Able Laboratories Sec. Litig.*, No. 05-cv-2681, slip op. at 2 (Mar. 17, 2006).

---

[5] Murray Frank's substitution by Deka Ireland in the *Able* case likely explains Furher's *ad hominem* attack accusing Deka of "consistently replacing or adding counsel in the actions in which it is lead plaintiff." *See* Furher Opp. Br. at 13, n.3. However, the replacement of counsel would indicate that Deka is in charge of counsel, not the other way around, as Furher illogically claims.

## II.     The Ericsson Institutional Investor Group is Not Subject to a Unique Defense

Furher argues that Deka and Lothian are subject to the unique defense that "there are uncertainties regarding whether a foreign court would later give *res judicata* effect of a judgment in favor of defendants." Furher Opp. Br. at 9. But the same issue has arisen several times in this District, including before the Court, and courts here have appointed foreign investors as class lead plaintiffs in class actions that included foreign purchasers of a foreign company's shares on a foreign exchange. *See Corwin*, 2008 WL 123846, at *5 (S.D.N.Y. Jan. 8, 2008) (appointing foreign institution as sole lead plaintiff); *In re Nortel Networks,* No. 01 Civ. 1855 (RMB), 2003 WL 22077464 (S.D.N.Y. 2003) (Berman, J.); *In re Gaming Lottery Sec. Litig.,* 58 F. Supp. 2d 62, 73-77 (S.D.N.Y. 1999) (Patterson, J.).

In any event, this issue is confronted no earlier than the motion to dismiss stage and requires detailed analysis of the conduct at issue in the litigation, its connection to the U.S., and an analysis of foreign law. Addressing it now would be premature. The complexity of the analysis is highlighted by this District's most recent decision on foreign classes, where Judge Holwell certified a class of foreign investors from certain countries but not others, after an exhaustive analysis of numerous factors and multiple expert affidavits on various issues. *See In re Vivendi Universal, S.A. Sec. Litig.,* 241 F.R.D. 213 (S.D.N.Y. 2007).

The *Vivendi* decision came at the class certification stage of that case, and, for this reason, the Ercisson Institutional Investor Group respectfully disagrees with Judge Stanton's application of *Vivendi* at the lead plaintiff stage in *Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201 (S.D.N.Y. 2007) (Stanton, J.). Moreover, the group in the *GlaxoSmithkline* case was comprised **entirely** of foreign movants, which presented the class with the risk of being left without representation if the court later ruled against the class on the jurisdictional or *res judicata* issues. The group before this Court does not present this risk because it is comprised of

- 8 -

both foreign and domestic movants. Furthermore, unlike in *Vivendi*, each member of the Ericsson Institutional Investor Group has filed a complaint against Ericsson in this Court, thereby ensuring that the Court has jurisdiction over them, and that each such institution will be bound by decisions of this Court. *See Corwin*, 2008 WL 123846, at *4 (S.D.N.Y. Jan. 8, 2008) (foreign lead plaintiff movant "elected to file suit here, and there is no reason to doubt its ability to respond to a motion to dismiss for lack of subject matter jurisdiction, should such a motion be made.")

The issue at the lead plaintiff stage is who should represent the class as it is currently defined. Because the class definition presently includes all purchasers of Ericsson securities, regardless of citizenship, the argument that a court may not ultimately certify a class comprised of German or British citizens does not present a defense unique to a particular institution. Rather the argument is against **all** non-domestic investors, which form a large proportion of the class as it is currently defined.[6] *See Corwin*, 2008 WL 123846, at *4 (S.D.N.Y. Jan. 8, 2008) ("While defendants may raise a subject matter jurisdiction defense, such a defense would not be 'unique' to Axxion, as it appears that many (if not most) of the class members would be foreign investors."). The Court in *Vivendi* did not rule on whether a foreign institution is adequate to represent a class that includes a large foreign constituency (which is the issue before this Court), but rather that a class comprised of German and Austrian members cannot be certified – regardless of the citizenship of the proposed representative.

---

[6] Including, perhaps, Furher himself, who purchased Ericsson securities on the "LS Stock Exchange" and "DLC Stock Exchange". Furher leaves his identity as opaque as possible, not indicating his citizenship, or even the citation to the *Oracle* securities class action he claims he is "actively overseeing" in the Northern District of California. *See* Furher Opp. Br. at 16. Counsel for the Ericsson Institutional Investor Group could not confirm Furher's involvement in the case, in any capacity, using the Pacer system.

### III. Fortis is Adequate and Typical Because It Has Suffered LIFO Losses

Fortis has suffered losses under both the First-in-First-Out ("FIFO") and Last-in-Last-Out ("LIFO") methodologies. Many courts have held that investors who have suffered LIFO losses but are net sellers of the defendant issuer's stock are nevertheless adequate and typical. *See, e.g., Richardson v. TVIA, Inc.*, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (distinguishing cases where net sellers profited from net sales and appointing net seller with largest LIFO loss lead plaintiff); *Frank v. Dana Corp.*, 237 F.R.D. 171, 172-73 (N.D. Ohio 2006) (holding that a net seller who suffered LIFO losses "should have no trouble proving damages and, therefore, is qualified to serve as lead plaintiff."); *In re NPS Pharms. , Inc., Sec. Litig.,* Case No. 2:06-cv-00570-PGC-PMW, slip op. at 4 (D. Utah Nov. 17, 2006) (finding a net seller with the largest LIFO loss to be adequate). The cases cited by Furher in support of his argument are therefore distinguishable because they all involve net sellers who are also net gainers, without a LIFO loss.

### CONCLUSION

Furher's attempts to rebut the presumption that the Ericsson Institutional Investor Group is the most adequate plaintiff with factually and legally flawed arguments fail. The Ericsson Institutional Investor Group's motion should be granted.

| | |
|---|---|
| Dated: January 28, 2008 | Respectfully submitted,<br><br>**LABATON SUCHAROW LLP**<br><br>By:  */s/ Christopher J. Keller*<br>Christopher J. Keller (CK-2347)<br>Eric J. Belfi (EB-8895)<br>Andrei V. Rado (AR-3724)<br>Alan I. Ellman (AE-7347)<br>140 Broadway<br>New York, New York 10005<br>Telephone:  (212) 907-0700<br>Facsimile:   (212) 818-0477<br><br>*Attorneys for the Ericsson Institutional Investor Group and Proposed Lead Counsel for the Class* |