FILED
JUN 2 0 2001
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCAL 144 NURSING HOME PENSION FUND, On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION, et al.,<br><br>Defendant. | No. C 01-0988 MJJ<br><br>ORDER GRANTING UCFW LOCAL 56 RETAIL MEAT PENSION FUND, ROBERT D. SAWYER, LOCAL 144 NURSING HOME PENSION FUND AND DRIFTON FINANCIAL CORPORATIONS' MOTION TO BE APPOINTED LEAD PLAINTIFF AND APPROVING CHOICE OF LEAD COUNSEL |

## I. INTRODUCTION

Before the Court is one remaining motion[1] regarding the appointment of lead plaintiff and approval of lead counsel in this securities fraud class action lawsuit brought against Oracle Corporation and Lawrence J. Ellison (collectively "Oracle"). The members of the purported class that seek to be appointed lead plaintiff and to have the Court approve their choice of lead counsel are UCFW Local 56 Retail Meat Pension Fund, Robert D. Sawyer, Local 144 Nursing Home Pension Fund, and Drifton Finance Corporation ("Movants"). For the reasons set forth below, the Court

---

[1] Additional motions were filed by C. James Cox, M & G Investment Management Ltd. and Sumner Rulon-Miller, Trustee for Acadia Scholarship Endowment Trust, and the Jose Group (Rene and Cynthia Jose, thomas Shaffer, Kung Hsu, Chuchen Weng, and Charles Combee), but have since been withdrawn. Furthermore, the Jose Group has withdrawn its opposition to the Movants motion to be appointed lead plaintiff and has indicated that Milberg Weiss, proposed counsel for Movants, has withdrawn as counsel in Pierce v. Ellison, C 01-20304 PVT (N.D. Cal., filed March 12, 2001 (a shareholder derivative action) and thus rendering moot the Jose Group's argument regarding a potential conflict of interest.

grants the motion to appoint Movants as lead plaintiff and approves Movants' selection of counsel, Milberg Weiss Bershad Hynes & Lerach, LLP ("Milberg Weiss").

## II. FACTUAL BACKGROUND

This matter involves nineteen related class actions brought pursuant to § 10(b) of the Exchanged Act, 15 U.S.C. § 78j(b) and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, which have been consolidated and await resolution by this Court.[2] The purported class in each case consists of institutions and individuals who purchased Oracle securities during the period from December 15, 2000 to March 1, 2000 (the "Class Period"). The complaints in these actions generally allege that Oracle violated federal securities laws by disseminating false and misleading statements concerning Oracle's third quarter 2001 revenues and projected earnings. In particular, Plaintiffs claim that Oracle made misleading statements about the demand for the company's database and applications products and the market acceptance of its new 11i Suite of software products. Plaintiffs further allege that Oracle falsely projected that it would achieve very strong earnings per share ("EPS") growth in the third quarter 2001 of $0.12, thus allegedly artificially inflating Oracle's stock to a Class Period high of $35 per share. While Oracle stock traded at allegedly artificially inflated levels, Defendant Ellison and others sold nearly $1 billion worth of Oracle stock.

---

[2]The Court granted the motion to consolidate the following cases, with *Local 144 Nursing Home Pension Fund v. Oracle Corp., et al.*, the low-numbered lawsuit against Oracle:

| Case | Number |
|---|---|
| *Local 144 Nursing Pension Fund v. Oracle Corp., et al* | C-01-0988 MJJ |
| *Belanski v. Oracle Corp., et al.* | C-01-1001 MJJ |
| *Yaish, et al v. Oracle Corp., et al.* | C-01-1237 MJJ |
| *Birnbaum v. Oracle Corp., et al.* | C-01-1011 MJJ |
| *Haenel v. Oracle Corp., et al.* | C-01-1036 MJJ |
| *Berdakina v. Oracle Corp., et al.* | C-01-1030 MJJ |
| *Lowinger v. Oracle Corp., et al.* | C-01-1040 MJJ |
| *Azerrad v. Oracle Corp., et al.* | C-01-1047 MJJ |
| *Walanka v. Oracle Corp.,et al.* | C-01-1048 MJJ |
| *Greenblatt v. Oracle Corp., et al.* | C-01-1097 MJJ |
| *Gollomp v. Oracle Corp., et al.* | C-01-1113 MJJ |
| *Goldfein v. Oracle Corp., et al.* | C-01-1160 MJJ |
| *Gordon v. Oracle Corp., et al.* | C-01-1174 MJJ |
| *Tuchman v. Oracle Corp., et al.* | C-01-01263 MJJ |
| *Rothsholder v. Oracle Corp., et al.* | C-01-1036 MJJ |
| *Monderer v. Oracle Corp., et al.* | C-01-1289 JL |
| *Farrell, et al. v. Oracle Corp., et al.* | C-01-1326 JCS |
| *Salvo v. Oracle Corp., et al.* | C-01-1416 EDL |
| *Hart, et al. v. Oracle Corp., et al.* | C-01-1436 EDL |

The proposed lead plaintiffs, Movants, who collectively suffered approximately eight million dollars in losses due to their transactions in Oracle common stock and options, consist of UCFW Local 56 Retail Meat Pension Fund, Robert D. Sawyer, Local 144 Nursing Home Pension Fund, and Drifton Finance Corporation. Movants' stock purchases occurred during the Class Period.

### III. ANALYSIS

**A.    Motion to Appoint Movants as Lead Plaintiff**

    **1.    The Private Securities Litigation Reform Act ("PSLRA")**

Section 21D of the Exchange Act, 15 U.S.C. § 78u-4, as amended by the PSLRA, sets forth the procedure for the selection of lead plaintiff to oversee class actions brought under the federal securities laws. Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(3)(A)(i), provides that within twenty days after the date on which a class action is filed under the PSLRA,

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class -
>
> (1)    of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (2)    that not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

On March 9, 2001, pursuant to § 21 D(a)(3)(A)(i), Movants published a notice of pendency of the action on the *Business Wire*. (Britton Decl., Ex.C.) That notice advised class members of the existence of the lawsuit and described the claims asserted. Movants motion to be appointed lead plaintiff was timely filed on May 8, 2001, within sixty days from the publication of that notice.

Pursuant to 15 U.S.C. § 78u-4, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that (1) "filed the complaint or made a motion" to be appointed lead plaintiff, (2) "has the largest financial interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-

3

4(a)(3)(B)(iii)(I). This presumption may be rebutted "upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### 2. Appointment of Lead Plaintiff

In this case, Movants are the most adequate plaintiffs under the terms of the PSLRA's lead plaintiff presumption. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). They have the largest financial interest in the relief sought by the class by reason of the fact that they have suffered the greatest financial loss, $8,187,517.14, of all the formerly proposed lead plaintiffs. Also, as discussed further below, Movants satisfy the requirements of Rule 23 because their claims are similar to the claims of other class members and because they have demonstrated that they are willing and able to obtain appropriate class counsel and adequately prosecute this case. The appointment of Movants also conforms with the Congressional concerns that motivated passage of the PSLRA. As an institutional investor with a large financial stake in the outcome of this litigation, Movants significant losses provide them with the incentive to actively represent the class in obtaining a recovery for Oracle's alleged securities violations.

In order to establish itself as the "most adequate plaintiff" under the PSLRA, Movants must show they can discharge the fiduciary duties that a class representative owes to absent class members under Rule 23. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 provides that a party may serve as a class representative if four prerequisites are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Movants assert that the questions of law and fact common to the members of the class that predominate over questions that may affect individual class members include: (1) whether Defendants' acts, as alleged, violated federal securities laws; (2) whether Defendants participated in and pursued the common course of conduct complaint of; (3) whether documents, SEC filings, press

4

releases and other statements disseminated to the investing public and Oracle's stockholders during the Class Period misrepresented material facts about Oracle's financial condition and earnings; (4) whether the market price of Oracle's securities was artificially affected during the Class Period due to Defendants' misrepresentations and omissions; and (5) whether members of the class have sustained damages and, if so, what is the proper measure of damages. The claims of each purported class member in this case arise from the same event or course of conduct giving rise to the claims of the other class members, therefore, Movants satisfy the typicality requirement of Rule 23. See In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig., 122 F.R.D. 251, 256 (C.D. Cal. 1988); accord Blackie v. Barrack, 524 F.2d 891, 902-03, n.19 (9th Cir. 1975).

Movants have also demonstrated they are adequate representatives pursuant to Rule 23(a)(4). This determination focuses on two inquiries: (1) whether the interests of the class representative coincide with those of the class, and (2) whether the representative has the ability to prosecute the action vigorously through the services of competent counsel. See In re Computer Memories Sec. Litig., 111 F.R.D. 675, 682 (N.D. Cal. 1986). First, adequacy requires the absence of antagonistic interests between class representatives and absent class members. Here, since the issues surrounding the Defendants' alleged wrongdoing are virtually identical for each and every class member, the interests of Movants are suitably aligned with the interests of the class as a whole. There is no evidence of antagonism between the Movants' interests and the interests of the proposed class.

Second, the Court considers Movants' willingness and ability to assume the duties of lead plaintiff, including the crucial duties of choosing adequate counsel at a negotiated fee and monitoring that counsel's conduct throughout the litigation. Movants have demonstrated their adequacy by signing sworn certifications affirming their willingness to serve as, and assume the responsibilities of, class representatives. (See Britton Decl., Ex. A.) Furthermore, Movants have selected a law firm that is experienced in prosecuting securities class actions to represent them. Accordingly, the Court finds that Movants satisfy the requirements of Rule 23, and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action, and appoints Movants as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

////

### 3. Approval of Lead Plaintiff's Choice of Counsel

While the PSLRA gives the "most adequate plaintiff" the authority to "select and retain counsel to represent the class," that selection is "subject to the approval of the court." 15 U.S.C. § 78u-4(a)(3)(B)(v). Accordingly, some level of deference to the lead plaintiff's selection is envisioned by the PSLRA. However, the fiduciary duties owed to the class under Rule 23 by both the lead plaintiff and the court require the selection of the "best" counsel for the litigation.

Here, the Court has determined that Movants, the plaintiffs with the largest financial loss have adequately negotiated with counsel and have otherwise satisfied the adequacy requirements of Rule 23. Movants have selected Milberg Weiss as proposed lead counsel for the class. Milberg Weiss has extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. (Britton Decl., Ex.A.) Here, the PSLRA presumption controls and the court "need not, and indeed should not, substitute its judgment for that of the lead plaintiff." Bowman v. Legato Systems, 195 F.R.D. 655, 659 (N.D. Cal. 2000). Accordingly, the Court approves Movants' choice of counsel.

## VI. CONCLUSION

The Court grants Movants motion to be appointed lead plaintiff in this action and approves Movants choice of Milberg Weiss Bershad Hynes & Lerach LLP to serve as lead counsel.

**IT IS SO ORDERED.**

Dated: June 19, 2001

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

ba

United States District Court
for the
Northern District of California
June 20, 2001

* * CERTIFICATE OF SERVICE * *

Case Number:3:01-cv-00988

Nursing Home Pension

vs

Oracle Corporation

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 20, 2001, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

    Reed R. Kathrein, Esq.
    Milberg Weiss Bershad Hynes & Lerach LLP
    100 Pine Street
    Ste 2600
    San Francisco, CA  94111

    William S. Lerach, Esq.
    Milberg Weiss Bershad Hynes & Lerach LLP
    600 W Broadway Ste 1800
    One America Plaza
    San Diego, CA  92101

    Mark Solomon, Esq.
    Milberg Weiss Bershad Hynes & Lerach LLP
    600 W Broadway Ste 1800
    One America Plaza
    San Diego, CA  92101

    Darren J. Robbins, Esq.
    Milberg Weiss Bershad Hynes & Lerach LLP
    600 W Broadway Ste 1800
    One America Plaza
    San Diego, CA  92101

    Denise M. Douglas, Esq.

Milberg Weiss Bershad Hynes & Lerach LLP
600 W Broadway St, 1800
One America Plaza
San Diego, CA  92101

Dorian Daley, Esq.
Oracle Corporation
500 Oracle Parkway
Redwood City, CA  94065

Lauren G. Segal, Esq.
Oracle Corporation
500 Oracle Parkway
Redwood City, CA  94065

Jamie E. Wrage, Esq.
Mayer Brown & Platt
350 So Grand Ave 25th Flr
Los Angeles, CA  90071

Steven O. Kramer, Esq.
Mayer Brown & Platt
350 So Grand Ave 25th Flr
Los Angeles, CA  90071

Javier H. Rubenstein, Esq.
Mayer Brown & Platt
190 So LaSalle St
Chicago, IL  60603

Alan N. Salpeter, Esq.
Mayer Brown & Platt
190 So LaSalle St
Chicago, IL  60603

Alfred G. Yates Jr., Esq.
Law Office of Alfred G. Yates Jr.
429 Forbes Ave
519 Allegheny Bldg
Pittsburgh, PA  15219

Michael Reese, Esq.
Milberg Weiss Bershad Hynes & Lerach LLP
100 Pine St
Ste 2600
San Francisco, CA  94111

Michael S. Egan, Esq.
Bernstein Liebhard & Lifshitz
10 East 40th St
New York, NY  10016

Jill M. Manning, Esq.
Kirby McInerney & Squire, LLP
7665 Redwood Blvd
Ste 200
Novato, CA  94948

Ira M. Press, Esq.
Kirby McInerney & Squire LLP

830 Third Ave
10th Flr
New York, NY  10022

Laurence D. King, Esq.
100 Pine Street
Suite 2600
San Francisco, CA  94111

Frederic S. Fox, Esq.
Kaplan Kilsheimer & Fox LLP
805 3rd Ave
New York, NY  10022

Jonathan Levine, Esq.
Kaplan Kilsheimer & Fox LLP
805 3rd Ave
New York, NY  10022

Joshua M. Lifshitz, Esq.
Bull & Lifshitz
246 West 38th Street
New York, NY  10018

Peter D. Bull, Esq.
Bull & Lifshitz
246 West 38th Street
New York, NY  10018

Mark S. Goldman, Esq.
Weinstein Kitchenoff Scarlato & Goldman, Ltd.
1608 Walnut St Ste 1400
Philadelphia, PA  19103

Marc A. Topaz, Esq.
Schiffrin & Barroway LLP
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA  19004

Kevin J. Yourman, Esq.
Weiss & Yourman
10940 Wilshire Blvd
24th Flr
Los Angeles, CA  90024

Michael D. Braun, Esq.
Stull Stull & Brody
10940 Wilshire Blvd.
Ste 2300
Los Angeles, CA  90024

Timothy J. Burke, Esq.
Stull Stull & Brody
10940 Wilshire Blvd.
Ste 2300
Los Angeles, CA  90024

Barbara A. Podell, Esq.
Savett Frutkin Podell & Ryan PC

325 Chestnut St
Ste 700
Philadelphia, PA  19106

Francis M. Gregorek, Esq.
Wolf Haldenstein Adler Freeman & Herz LLP
Symphony Towers
750 B St
Ste 2770
San Diego, CA  92101

Betsy C. Manifold, Esq.
Wolf Haldenstein Adler Freeman & Herz LLP
Symphony Towers
750 B St
Ste 2770
San Diego, CA  92101

Francis A. Bottini Jr., Esq.
Wolf Haldenstein Adler Freeman & Herz LLP
Symphony Towers
750 B St
Ste 2770
San Diego, CA  92101

Fred T. Isquith, Esq.
Wolf Haldenstein Adler Freeman & Herz
270 Madison Ave
New York, NY  10016

Marc S. Henzel, Esq.
Law Offices of Marc S. Henzel
210 West Washington Square
Third Floor
Philadelphia, PA  19106-3503

Jay P. Saltzman, Esq.
Schoengold & Sporn, PC
19 Fulton St., Ste. 406
New York, NY  10038

Jules Brody, Esq.
Stull Stull & Brody
6 East 45th St 4th Flr
New York, NY  10017

Aaron C. Brody, Esq.
Stull Stull & Brody
6 East 45th St 4th Flr
New York, NY  10017

Tzivia Brody, Esq.
Stull Stull & Brody
6 East 45th St 4th Flr
New York, NY  10017

David Jaroslawicz, Esq.
Jaroslawicz & Jaros
150 Williams Street
New York, NY  10038

Richard W. Wieking, Clerk

BY: _____
Deputy Clerk