UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
MERRILL STEINBERG, Individually, and On : 
Behalf of All Others Similarly Situated, :
                                          : Electronically Filed
                 Plaintiff, :
                                          : Civil Action No.: 1:07-cv-09615-RPP
                v. : (ECF Case)
                                            :
ERICSSON LM TELEPHONE CO., CARL- : Hon. Robert P. Patterson
HENRIK SVANBERG and KARL-HENRIK :
SUNDSTROM, :
                                            :
                 Defendants. :
------------------------------------------------------------ x

(*Additional Captions on the Following Page*)

**THE ERICSSON INSTITUTIONAL INVESTOR GROUP'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO STRIKE THE REPLY BRIEF OF <u>JACQUES FURHER</u>**

| | | |
|---|---|---|
| ------------------------------------------------------------ x | | |
| STATE-BOSTON RETIREMENT SYSTEM, Individually, and On Behalf of All Others Similarly Situated, | : : : | Electronically Filed |
| Plaintiff, | : : : | Civil Action No.: 1:07-cv-10659-RPP (ECF Case) |
| v. | : : | Hon. Robert P. Patterson |
| ERICSSON LM TELEPHONE CO., CARL-HENRIK SVANBERG and KARL-HENRIK SUNDSTROM, | : : : : | |
| Defendants. | : | |
| ------------------------------------------------------------ x | | |
| CITY OF EDINBURGH COUNCIL ON BEHALF OF THE LOTHIAN PENSION FUND, FORTIS INVESTMENT MANAGEMENT N.V./S.A., and DEKA INVESTMENT GmbH, Individually, and On Behalf of All Others Similarly Situated, | : : : : : : : | Electronically Filed Civil Action No.: 1:07-cv-11617-RPP (ECF Case) |
| Plaintiff, | : : | Hon. Robert P. Patterson |
| v. | : : | |
| ERICSSON LM TELEPHONE CO., CARL-HENRIK SVANBERG and KARL-HENRIK SUNDSTROM, | : : : : | |
| Defendants. | : | |
| ------------------------------------------------------------ x | | |

This is the Ericsson Institutional Investors Group's reply to Jacques Furher's opposition to the group's motion to strike. In his latest brief, Furher admits his reply was late, but claims he was unaware that the Ericsson Institutional Investor Group filed a reply, faulting the ECF system for not emailing it to him and referencing a technical glitch resolved a month ago. The undersigned cannot speak to what Furher's counsel did or did not receive; we have promptly received ECF email notifications of filings in this case.

We address very briefly some of the points raised in Furher's opposition.

<u>First</u>, groups have been appointed lead plaintiff numerous times in this District since 2004. *See, e.g., City of Brockton Ret. Sys. v. The Shaw Group*, No. 06-cv-8245 (CM) (MHD), 2007 WL 2845125 (S.D.N.Y. Sep. 26, 2007) (Dolinger, M.J.); *Henning v. Celestica, Inc.*, No. 07-cv-312-GBD (S.D.N.Y. Sep. 25, 2007) (Daniels, J.) (attached as Ex. A); *Middlesex County Ret. Sys. v. Monster Worldwide, Inc.*, No. 07-cv-2237 (JSR) (S.D.N.Y. June 18, 2007) (Rakoff, J.) (attached as Ex. B); *Police and Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*, 06-cv-5797 (PAC) (S.D.N.Y. Feb. 21, 2007) (Crotty, J.) (attached as Ex. C); *Barnet v. Elan Corp.*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (Holwell, J.). These were not cited before because 2004 did not mark a turning point in the jurisprudence on this issue. As has been already briefed, when courts reject groups (or more aptly aggregation of losses) the record before them shows that the group was cobbled together by their lawyers and that its members had not spoken before the motion, had no justifiable reason for moving jointly, and, unlike here, usually sought the appointment of multiple firms as co-lead counsel. In what is now Furher's third responsive filing on this motion, he still ignores that the Ericsson Institutional Investor Group submitted a declaration **with its motion** explaining why the group members (not the firm that represents them) decided to moved jointly and otherwise demonstrating that they will more than adequately

protect the interests of the class. Moreover, the institutions that comprise the Ericsson Institutional Investor Group comprise some of the largest and most sophisticated financial institutions in the world, and control in excess of $500 billion in investments. The thought that their proposed lead counsel in this case controls them and constructed the lead plaintiff group, instead of the other way around, is facially absurd and unsupported by any record evidence.

Second, the record in the Oracle case, for which Furher did not initially provide a citation, shows that Furher is a citizen of Belgium. *See In re Oracle Corp. Sec. Litig.*, No. C-01-988-MJJ (JCS) (N.D. Cal.), Pl.'s Reply Mot. Class Cert. at 12, Aug. 12, 2005 (Furher "even flew from his home in Belgium to Palo Alto, California for his deposition") (attached as Ex. D); *see id.*, Def.'s Opp. to Pl.'s Mot. Class Cert. at 24-25, July 29, 2005 ("Fuhrer's (sic) poor English and lack of understanding of the 'U.S. legal system' caused, his counsel admitted, 'a communication problem,' making it difficult to see how he can supervise counsel.") (attached as Ex. E). No evidence suggests that he has since moved to the United States, rendering specious Furher's argument that the institutional group is inadequate because (some) of its members are foreign institutions. Furher is a foreign citizen who bought and sold Ericsson securities and would be subject to the same unique defense he (incorrectly) levels against certain members of the Ericsson Institutional Investor Group. Further, in the Oracle case, Furher did not move in an individual capacity but as principal of Drifton Finance Corp., raising the issue in this case as to whether the securities of Ericsson were purchased in his individual capacity or as a principal of Drifton Finance, an entity for which no public information is available, nor has any information been provided by him or his counsel.

- 3 -

The Ericsson Institutional Investor Group has already addressed the other arguments Furher repeats in his latest filing and will not address them again here except to reiterate their fundamental failings, which are that they are wrong on the law and ignore the record facts.

Dated: February 11, 2008

Respectfully submitted,

**LABATON SUCHAROW LLP**

By:   /s/ Christopher J. Keller
Christopher J. Keller (CK-2347)
Eric J. Belfi (EB-8895)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for the Ericsson Institutional Investor Group and Proposed Lead Counsel for the Class*