**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
MERRILL STEINBERG, Individually, and On :
Behalf of All Others Similarly Situated,                         :
                                                    : Electronically Filed
                    Plaintiff,                              :
                                                    : Civil Action No.: 1:07-cv-09615-RPP
              v.                                           : (ECF Case)
                                                    :
ERICSSON LM TELEPHONE CO., CARL-         : Hon. Robert P. Patterson
HENRIK SVANBERG and KARL-HENRIK          :
SUNDSTROM,                                                       :
                    Defendants.                             :
---------------------------------------------------------------- x

(*Additional Captions on the Following Page*)

**MEMORANDUM OF LAW IN SUPPORT OF THE ERICSSON INSTITUTIONAL**
<u>**INVESTOR GROUP'S MOTION FOR RECONSIDERATION**</u>

------------------------------------------------------------ x
STATE-BOSTON RETIREMENT SYSTEM, :
Individually, and On Behalf of All Others :
Similarly Situated, : Electronically Filed
 :
                    Plaintiff, : Civil Action No.: 1:07-cv-10659-RPP
 : (ECF Case)
            v. :
 : Hon. Robert P. Patterson
ERICSSON LM TELEPHONE CO., CARL- :
HENRIK SVANBERG and KARL-HENRIK :
SUNDSTROM, :
 :
                    Defendants. :
------------------------------------------------------------ x
CITY OF EDINBURGH COUNCIL ON :
BEHALF OF THE LOTHIAN PENSION :
FUND, FORTIS INVESTMENT :
MANAGEMENT N.V./S.A., and DEKA : Electronically Filed
INVESTMENT GmbH, Individually, and On :
Behalf of All Others Similarly Situated, : Civil Action No.: 1:07-cv-11617-RPP
 : (ECF Case)
                  Plaintiff, : Hon. Robert P. Patterson
 :
            v. :
 :
ERICSSON LM TELEPHONE CO., CARL- :
HENRIK SVANBERG and KARL-HENRIK :
SUNDSTROM, :
 :
                    Defendants. :
------------------------------------------------------------ x

# **TABLE OF CONTENTS**

I.   Reconsideration is Appropriate Because The Order Overlooked Facts Regarding The Formation of The Group ................................................................................................. 3

II.  Newly Discovered Evidence Shows That Furher's Motion is Attorney-Driven ................ 5

III. No Evidence Supports The Critical Holding That Furher Purchased His Securities On A United States Exchange .......................................................................... 8

CONCLUSION ............................................................................................................................ 10

The City of Edinburgh Council on behalf of the Lothian Pension Fund ("Lothian"), Fortis Investment Management N.V./S.A., Deka Investment GmbH, and State-Boston Retirement System (collectively, the "Ericsson Institutional Investor Group"), respectfully submit this motion for reconsideration, pursuant to Local Rule 6.3 and Fed. R. Civ. P. 60(b), of the Court's February 19, 2008 decision denying the motion of the Ericsson Institutional Investor Group for appointment as lead plaintiff and approval of its selection of lead counsel (the "Order").

Reconsideration pursuant to Local Rule 6.3 is appropriate since the Order overlooked record facts proving that the Ericsson Institutional Investor Group lead plaintiff motion was a client-driven formation, not lawyer-driven. Moreover, to the extent there exists any ambiguity, the declaration of Esmond Hamilton confirms that Lothian "directed Labaton Sucharow to reach out to the other members of the Ericsson Institutional Investor Group to convey Lothian's interest in exploring the potential of working with them on this case as [a] lead plaintiff group." *See* Declaration of Esmond Hamilton in Support of Mot. for Reconsid. ¶ 7 (attached as Ex. 1).

The basis for reconsideration pursuant to Rule 60(b) is that newly discovered evidence, which could not reasonably have been discovered prior to the ruling, shows that it is Furher's motion that was lawyer-driven – he was hand-passed from one lawyer to another hours before the motion was filed – by Randall Steinmeyer, a former partner of Lerach Coughlin Stoia Geller Rudman & Robbins, and its predecessor Milberg Weiss Bershad Hynes & Lerach ("Milberg"),[1] to Murray Frank & Sailer. Steinmeyer, a San

---

[1] The Milberg firm began representation of Furher in the Oracle case in 2001. The firm splintered into two firms in 2004, with Milberg Weiss Bershad & Shulman on the East Coast and Lerach Coughlin Stoia Geller Rudman & Robbins on the West Coast. The latter firm, which currently represents Furher in the Oracle case, experienced a further name change in 2007 with the deletion of William Lerach's name in

Diego resident, worked closely with Furher on the 2001 Oracle case in which Furher's Drifton Finance Corp. served as lead plaintiff represented by Milberg and then Lerach Coughlin. Steinmeyer does not appear on Furher's lead plaintiff papers here but spoke in Court on his behalf.[2]

Furher signed a statutorily required plaintiff certification on December 13, 2007. The newly obtained evidence shows that he provided this executed certification to Steinmeyer, and that Steinmeyer faxed the certification to Murray Frank <u>only hours before Furher's lead plaintiff motion was filed by Murray Frank</u>. The evidence suggests that Furher did not communicate with attorneys at Murray Frank <u>prior</u> to the time that Murray Frank filed his motion, much less that he conducted the due diligence the PSLRA requires a lead plaintiff to perform <u>before</u> selecting lead counsel. Indeed, the Ericsson Institutional Investor Group challenges the Murray Frank firm to demonstrate that it had **any** substantive communication directly with Furher prior to filing a lead plaintiff motion on his behalf. If the truth of the matter is consistent with what the record evidence suggests, Furher's motion is the height of attorney-driven and anathema to the PSLRA, which was passed by Congress to put clients in charge. Furthermore, it makes completely unfathomable the strident, on-the-record claims by counsel for Furher that the Ericsson Institutional Investor Group was attorney-driven (which it is not) while simultaneously aware of the improper manner in which Furher became a "client".

---

anticipation of a guilty plea by Mr. Lerach to charges of payment of illegal kickbacks to lead plaintiffs in securities class actions.

[2] Steinmeyer appears under the Murray Frank firm on the hearing transcript. However, to our knowledge, Steinmeyer, is not a lawyer with that firm.

2

As demonstrated below, critical facts were not available before the hearing, at which time the Court ruled on the motion, which is why the group could not have raised it before now and is seeking reconsideration pursuant to Fed. R. Civ. P. 60(b).

**I.    Reconsideration is Appropriate Because The  Order
       Overlooked Facts Regarding The Formation of The Group**

Pursuant to Local Rule 6.3, reconsideration is appropriate where the party seeking reconsideration sets forth "the matters or controlling decisions which counsel believes the court has overlooked." Local Civ. R. 6.3.  Under that standard,  reconsideration should be granted if the moving party "can point to … data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Naiman v. New York University Hospitals Center,* No. 95-cv-6469, 2005 WL 926904, at *1 (S.D.N.Y. April 21, 2005) (Patterson, J.) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  The present motion for reconsideration should be viewed in light of the Court's "*continuing* duty to see that a class is adequately represented by counsel." *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1218-19 (9th Cir. 2000) (quoting *North Am. Acceptance Corp. Sec. Cases v. Arnall, Golden & Gregory,* 593 F.2d 642, 645 (5th Cir. 1979)) (emphasis in original).

At oral argument, Christopher Keller made on-the-record statements regarding the manner in which members of the Ericsson Institutional Investor Group came together. Although accurate, these statements were capable of more than one reasonable interpretation, which led the Court to erroneously conclude that **counsel for the group suggested** to the individual members that they move for lead plaintiff together.  *See* Tr. 42:11-12, Feb. 15, 2008.  Mr. Keller stated that the firm contacted its clients to inform them of the filing of a case in which they may be interested, as well as the identity of

3

other interested clients, and that it was their decision to move jointly. Tr. 41:20-24. The Court interpreted these statements to mean that the group was cobbled together by the attorneys. Tr. 54:24-55:2. This inference was not supported by the record evidence or Mr. Keller's statements and should be reconsidered.

To be more specific, Lothian, which had already decided to move for lead plaintiff on November 23, 2007, **directed counsel** to reach out to the group's individual members to convey Lothian's interest in working with them in this case. *See* Hamilton Decl. ¶ 7 ("In connection with our decision to seek appointment as Lead Plaintiff, Lothian directed Labaton Sucharow to reach out to the other members of the Ericsson Institutional Investor Group to convey Lothian's interest in exploring the potential of working with them on this case as [a] lead plaintiff group."). Because Ericsson is based in Sweden and the action would be proceeding in the United States, Lothian decided that "the joining of U.S. and non-U.S. investors would provide a benefit to the class." *See id.* ¶ 9. The investors who formed the Ericsson Institutional Investor Group proceeded to hold a conference call with counsel "at which time the group agreed to work together to prosecute claims against Ericsson." *Id.* ¶ 8; *see also* Joint Declaration of Geik Drever, Dominique Lienart, Helge Klose and Dr. Manfred Nuske, and Daniel J. Greene in Support of the Motion of the Ericsson Institutional Investor Group for Appointment as Lead Plaintiff, Approval of Their Selection of Lead Counsel, and Consolidation of All Related Actions ¶ 26, submitted with Declaration of Alan I. Ellman as Ex. D on December 28, 2007. The record at the time of the hearing showed that the Ericsson Institutional Investor Group was <u>client-initiated</u> and <u>client-driven</u> and was not cobbled together by the attorneys. That conclusion is clarified by the Hamilton declaration

4

accompanying this submission. Indeed, as discussed below, the evidence shows that it was Furher's motion that was attorney-driven.

II.  **Newly Discovered Evidence Shows That Furher's Motion is Attorney-Driven**

Pursuant to Fed. R. Civ. P. 60(b)(2), "Relief from a Final Judgment, Order, or Proceeding" is appropriate if a different outcome is mandated by "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." As discussed below, such evidence shows that Furher's motion is attorney-driven.

Furher's motion sought the appointment of the Murray Frank firm as lead counsel. However, at the hearing, Randall Steinmeyer, who had not previously appeared in the action, sat at the counsel table with Murray Frank and spoke on Furher's behalf. Tr. 51:23-52:2. After the hearing, the undersigned, in order to understand why Steinmeyer accompanied Furher and spoke on his behalf despite not appearing on any of the papers, closely re-examined Furher's motion papers. The following facts, which could not have been deemed relevant before the hearing at which Steinmeyer mysteriously appeared, evidence that Furher likely did not have any interaction with Murray Frank prior to filing the lead plaintiff motion:

- Steimeyer and his former firm serve as lead counsel in the Oracle case, where Furher's company serve as co-lead plaintiff. *See In re Oracle Corp. Sec. Litig.*, No. 01-cv-988-MJJ (N.D. Cal. filed March 9, 2001), Def.'s Opp. to Pltf's Mot. for Class Cert., July 29, 2005, Ex. 26, Tr. 154:9-23 (transcript of Furher's class certification deposition) (attached as Ex. 2); Thomson Legal Record of Randall H. Steinmeyer (attached as Ex. 3). There is no evidence that Furher had any relationship or contact with Murray Frank before this litigation.

- Furher's certification was signed on December 13, 2007. The certification did not identify the firm that he retained. *See* Ex. B to Decl. of Brian

5

> Murray in Support of Mot. of Jacques Furher to be Appointed Lead Pltf. (re-submitted for the Court's convenience as Ex. 4).

- The faxline on top left of the certification states "12-28-07; 3:03 pm" and across the page is the number "619-236-0697". This line indicates where the fax was sent <u>from</u> and at what time.

- Below the faxline appear the handwritten words "att: Mr. Randall . . ." The next word is not legible but, based on its length, could be Steinmeyer.

- We have traced the fax number on the certification to an address in San Diego, California. A Westlaw search reveals that this address is a business called "Park Place Condo" or "Park Place Condominiums" registered to "Randall Steinmeyer." *See* Ex. 5. While he was at Lerach Coughlin, Steinmeyer worked out of that firm's San Diego Office.

- Murray Frank filed the lead plaintiff motion on December 28, 2007, only hours after it received the fax from Steinmeyer.[3]

The timeline proves that the certification submitted by Murray Frank with the motion was sent to that firm on "12-28-08 at 3:03 pm" – **only hours before the motion was filed** that same day. The timeline also proves that Furher did not retain Murray Frank on December 13, 2007 (the date he signed the certification) because, if he had, there would have been no reason for the certification to have been faxed to that firm by Steinmeyer on December 28. While all the facts are not available to us, the evidence strongly suggests that Furher's initial contact was with Steinmeyer, whom he knew from the Oracle case, who had him sign a certification that Steinmeyer faxed, weeks later and hours before the motion was filed, to Murray Frank.

Since Steinmeyer faxed the Furher certification to Murray Frank only hours before the lead plaintiff motion was filed, and when it was after 10 p.m. in Belgium, it is highly unlikely that Furher spoke to anyone from Murray Frank <u>before</u> the motion was

---

[3] Although Pacer indicates that Furher's motion was filed on January 3, 2008, his motion was timely filed on December 28, 2007, the date the motions were due according to the PSLRA statutory deadline. Pacer was experiencing technical difficulties on December 28.

6

filed. It is equally likely that he failed to conduct any due diligence prior to "selecting" Murray Frank as lead counsel, thereby failing to fulfill a lead plaintiff's most fundamental responsibility, selection of lead counsel. This is fatal to Furher's motion because "one of the lead plaintiff's most important functions is to 'select and retain' lead counsel." *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001); *see also In re Commtouch Software Ltd.*, No. 01-cv-719 WHA, 2001 WL 34131835, at *2 (N.D. Cal. June 27, 2001) ("No decision by the lead plaintiff is more important than the selection of class counsel. Consequently, the lead plaintiff should precede his or her choice with due diligence."). Furher's failure to conduct any due diligence of the Murray Frank firm, a firm recently and harshly criticized by Judge Cote, disqualifies him to serve as lead plaintiff.[4]

Congress in passing the PSLRA sought to put institutional investors, investors that are adept at evaluating the quality and performance of counsel, in control. Prior to being retained by members of the Ericsson Institutional Investor Group, attorneys from Labaton Sucharow were required to make in-person presentations, demonstrate the firm's credentials, track record, quality of attorneys, and resources available to prosecute large securities class actions. This is the type of due diligence that institutional investors, not individuals, typically perform and why institutional investors are preferred as lead plaintiffs. *See In re Cendant Corp. Litig.*, 264 F.3d at 264 (noting that the legislative intent behind enacting the PSLRA was to encourage large institutional investors to serve as lead plaintiff).

---

[4] In the recently issued opinion by Judge Cote in the *Ramp Corp. Securities Litigation*, she found that Murray Frank's representation of the class was "less than stellar" and that "the attorney's fees awarded in this case reflect the generally poor quality of the work performed by Lead Counsel." No. 05-cv-6521 (DLC), 2008 WL 58938, at *3, *4 n.7 (S.D.N.Y. Jan. 3, 2008) (adding, "In particular, it is open to question whether this lawsuit would ever have been pursued by thoughtful counsel.").

7

The facts set forth above strongly suggest that the circumstances under which the Murray Frank firm was "retained" were highly irregular and that the otherwise well-intentioned Mr. Furher was a pawn in the dealings of Steinmeyer and the Murray Frank law firm. Under these circumstances, nothing short of a complete, candid clarification from Furher and his counsel is due the Court. The Ericsson Institutional Investor Group hereby requests discovery into this issue pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iv), which authorizes discovery of a lead plaintiff applicant where there is a "reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." The facts here give rise to such a reasonable basis for limited discovery that the Court believes sufficient to get to the bottom of this issue.

By contrast, the record proves that the Institutional Investor Group was formed at the directive of Lothian, a public pension fund, for specific legal reasons, that the members of the Ericsson Institutional Investor Group met telephonically to discuss the case and their motion <u>before</u> the motion was filed,[5] that the institutions were long-time clients of Labaton Sucharow, and that each understands its duties and responsibilities on behalf of the class.

### III.   No Evidence Supports The Critical Holding That Furher Purchased His Securities On A United States Exchange

In addition to being inadequate, there is no record **evidence** that Furher purchased his Ericsson securities on a U.S. securities exchange. Furher's transaction chart, submitted with his opening lead plaintiff motion, indicates that Furher purchased his

---

[5] *See* Joint Declaration of Geik Drever, Dominique Lienart, Helge Klose and Dr. Manfred Nuske, and Daniel J. Greene in Support of the Motion of the Ericsson Institutional Investor Group for Appointment as Lead Plaintiff, Approval of Their Selection of Lead Counsel, and Consolidation of All Related Actions ¶ 26.

8

Ericsson securities on the "LS Stock Exchange" and the "DLC Stock Exchange".[6]
Counsel for Furher stated unequivocally at oral argument, however, that "Mr. Furher made all of his purchases in the United States on United States exchanges." *See* Tr. 32:1-2. The representation made by Furher's counsel, which is itself not competent evidence, that he purchased his securities in the U.S. was an important fact underlying the Court's decision.

The court found that, individually, Lothian had the "largest financial interest in the outcome of the litigation" as required by the PSLRA, *see* 15 U.S.C. § 78u-4(a)(3)(B)(i), having suffered claimed losses of $5,709,433 compared with Furher's claimed losses of $1,080,869, making Lothian the presumptive lead plaintiff.[7] *See* Ericsson Institutional Investor Group Opp. Br. at 4. The Court took issue with Lothian's purchases of Ericsson securities outside of the U.S., noting that, "But the problem is that all these stocks were purchased for part of Deka, Lothian and Fortis on the European exchanges." Tr. 55:3-5; 56:17-19. The Court appointed Furher because he purportedly purchased his securities on U.S. exchanges. Tr. 61:1-2 ("Furher, since he traded here, stands above Deka and Lothian and Fortis, it seems to me.").

On February 20, 2008, the Ericsson Institutional Investor Group requested documentation that Furher's purchases were made on a U.S. exchange. *See* Ltr. to Brian Murray, Feb. 20, 2008 (attached as Ex. 6). Counsel for Furher responded that Furher "has contacted his brokers and ***one of the brokers*** has transmitted ***certain*** transaction information to us. Mr. Furher's trades were executed on the Philadelphia Stock Exchange, Chicago Board Options Exchange, the NYSE Arca Exchange (formerly the

---

[6] *See* Ex. B to Declaration of Brian Murray (re-submitted as Ex. 4).
[7] Lothian's claimed losses are the same under the last-in-last-out ("LIFO") and first-in-first-out ("FIFO") methodologies.

9

Pacific Exchange), and the International Stock Exchange, all United States exchanges…" *See* Ltr. to Christopher Keller, Feb. 26, 2008 (attached as Ex. 7) (emphasis added).

Furher's response is inadequate since: (1) counsel received only "certain" information from only "one" of the several brokers that executed his trades; (2) Furher did not indicate where he purchased the shares of Ericsson shares that were put to him (as opposed to the options he purchased); and (3) none of the exchanges he claims he purchased can logically be referred to in shorthand as the "LS Stock Exchange" or the "DLC Stock Exchange", which are the exchanges identified in Furher's moving papers..

As an independent fiduciary to the Class,[8] the Court has an obligation to ensure that admissible evidence is offered to substantiate Furher's (and his counsel's) claims. Indeed, the PSLRA requires "proof" by a competing movant that the presumptive lead plaintiff cannot fairly and adequately represent the class or is subject to unique defenses rendering it incapable of adequately representing the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb). The Court should require Furher to provide that proof – in the form of admissible evidence – to persuade it that Furher actually purchased all of his Ericsson securities on U.S. exchanges.

## CONCLUSION

In light of the foregoing, the Ericsson Institutional Investor Group respectfully requests that its motion for reconsideration be granted.

Dated: March 7, 2008                                         Respectfully submitted,

**LABATON SUCHAROW LLP**

By:   */s/ Christopher J. Keller*
Christopher J. Keller (CK-2347)

---

[8] *See In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995).

10

        Eric J. Belfi (EB-8895)
        Andrei V. Rado (AR-3724)
        Alan I. Ellman (AE-7347)
        140 Broadway
        New York, New York 10005
        Telephone: (212) 907-0700
        Facsimile: (212) 818-0477

*Attorneys for the Ericsson Institutional Investor Group and Proposed Lead Counsel for the Class*