UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
MERRILL STEINBERG, Individually, and On  :
Behalf of All Others Similarly Situated,          :
                                                                    :    Electronically Filed
                                    Plaintiff,              :
                                                                    :    Civil Action No.: 1:07-cv-09615-RPP
                    v.                                            :    (ECF Case)
                                                                    :
ERICSSON LM TELEPHONE CO., CARL-   :    Hon. Robert P. Patterson
HENRIK SVANBERG and KARL-HENRIK   :
SUNDSTROM,                                              :
                                                                    :
                                    Defendants.         :
---------------------------------------------------------- x

(*Additional Captions on the Following Page*)


**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE ERICSSON
INSTITUTIONAL INVESTOR GROUP'S MOTION FOR RECONSIDERATION**

```
------------------------------------------------------ x
STATE-BOSTON RETIREMENT SYSTEM,            :
Individually, and On Behalf of All Others  :
Similarly Situated,                        :   Electronically Filed
                                           :
            Plaintiff,                     :   Civil Action No.: 1:07-cv-10659-RPP
                                           :   (ECF Case)
      v.                                   :
                                           :   Hon. Robert P. Patterson
ERICSSON LM TELEPHONE CO., CARL-           :
HENRIK SVANBERG and KARL-HENRIK            :
SUNDSTROM,                                 :
                                           :
            Defendants.                    :
------------------------------------------------------ x
CITY OF EDINBURGH COUNCIL ON               :
BEHALF OF THE LOTHIAN PENSION              :
FUND, FORTIS INVESTMENT                    :
MANAGEMENT N.V./S.A., and DEKA             :   Electronically Filed
INVESTMENT GmbH, Individually, and On      :
Behalf of All Others Similarly Situated,   :   Civil Action No.: 1:07-cv-11617-RPP
                                           :   (ECF Case)
            Plaintiff,                     :
                                           :   Hon. Robert P. Patterson
      v.                                   :
                                           :
ERICSSON LM TELEPHONE CO., CARL-           :
HENRIK SVANBERG and KARL-HENRIK            :
SUNDSTROM,                                 :
                                           :
            Defendants.                    :
------------------------------------------------------ x
```

The City of Edinburgh Council on behalf of the Lothian Pension Fund ("Lothian"), Fortis Investment Management N.V./S.A., Deka Investment GmbH, and State-Boston Retirement System (collectively, the "Ericsson Institutional Investor Group"), respectfully submit this reply to Jack Fuhrer's opposition to the motion for reconsideration ("Fuhrer Opp. Br.").

The lead plaintiff order should be reconsidered because Fuhrer's initial motion failed to mention that Fuhrer retained attorney Randall Steinmeyer to represent him in this action, rather than the Murray Frank firm that was proposed as lead counsel. The Court (and the parties) were ignorant of the full facts, and these facts are significant on the issue that the Court deemed outcome determinative. These facts were discovered only after counsel for the group tried to understand why Steinmeyer, unmentioned on the lead plaintiff papers, appeared at the hearing on Fuhrer's behalf. Had Steinmeyer's status as Fuhrer's counsel been previously disclosed, these issues could have been vetted within the confines of the original motion.

Further, the motion should be reconsidered to the extent the Court based its decision to appoint Fuhrer on its belief that Ericsson Institutional Investor Group was attorney-driven. The record now makes clear that it's the other way around. As opposed to unfounded attorney argument, record evidence demonstrates that the Ericsson Institutional Investor Group was formed at the initiation of group member Lothian and was agreed to by the other group members before the motion was filed, for reasons detailed in the declaration filed with the initial moving papers.

The PSLRA was passed, in large part, in order to encourage institutional investors to seek lead plaintiff status. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99

(S.D.N.Y. 2005) (Noting that the PSLRA "was designed to favor institutional investors.") Because institutional investors have only 60 days from the filing of the notice of the first complaint within which to decide whether to seek lead plaintiff status, many institutions, including the ones in the group, have formal retention agreements with counsel requiring counsel to advise on a regular basis of all new filings so that they can make an informed decision whether to seek lead plaintiff status. That is precisely what the PSLRA sought to accomplish, namely, to have securities class actions run by <u>informed</u> institutional investors.

## I.     Fuhrer Has Demonstrated His Inability to Supervise Counsel

As a fiduciary, the most important decision made by a lead plaintiff is its selection of lead counsel. *See In re Quintus Sec. Litig.* 201 F.R.D. 475, 482 (N.D. Cal. 2001) ("Selection of lead counsel is one of the most important decisions a lead plaintiff makes. In making the counsel selection, the lead plaintiff must seek to vindicate the interests of the class, to whom he owes a fiduciary duty."), citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549 (1949).

In this case, that decision was not made by Fuhrer, but by attorney Steinmeyer, the ***only*** attorney Furher appears to have retained to represent him in this litigation. Fuhrer does not deny this. Murray Frank also does not claim it had ***any*** pre-motion communication with Fuhrer and admits that Steinmeyer faxed Fuhrer's certification for filing to Murray Frank only hours before the motion deadline. In Fuhrer's reply, it is claimed that Steinmeyer has been "Special Counsel" to Murray Frank since November 2007. This claim is flatly contradicted by the record and must be viewed with significant skepticism.

Steinmeyer appears as "special counsel" only on Fuhrer's recent reply brief. Steinmeyer's name is absent from each of the previous submissions. The firm resume that Murray Frank submitted with the initial lead plaintiff motion, on December 27, 2007, does not mention Steinmeyer. *See* Decl. of Brian P. Murray at Ex. D, *State-Boston Ret. Sys. v. Ericsson LM Tel. Co.*, No. 07-cv-10659 (S.D.N.Y. Jan. 3, 2008).  Seven attorneys are listed as "of counsel" on that firm resume and Steinmeyer is not one of them. The title "special counsel" does not appear on Murray Frank's firm resume, for anyone, and it is unclear what this title signifies. Is it "special" to this litigation? If Steinmeyer was aligned with the Murray Frank firm since November 2007, and received Fuhrer's certification around December 13, 2007 (the date it was signed), why did he wait weeks, until the last minute, to fax it to Murray Frank's office in New York? The timing, however, is only consistent with an 11th hour referral arrangement, which undermines the PSLRA lead plaintiff process.

Importantly, there is no evidence that Fuhrer intended to retain anyone other than Steinmeyer in this matter or that he knew that by retaining Steinmeyer he was retaining Murray Frank. Fuhrer's past dealings with Steinmeyer occurred while Steinmeyer was with another firm. The record before the Court shows that Fuhrer retained Steinmeyer, who passed him along to Murray Frank at the last minute. That course of events is the embodiment of the term "attorney-driven." As discussed in the opening reconsideration brief (at 7), one of a lead plaintiff's main duties is to perform due diligence prior to selecting lead counsel. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001); *see also In re Commtouch Software Ltd. Sec. Litig.*, No. 01-cv-719 WHA, 2001 WL 34131835, at *2.  Not only has Fuhrer failed to do this, the facts show that he will not be

3

"an engaged lead plaintiff actively supervise the conduct of the litigation and the actions of class counsel…." *Cendant,* 264 F.3d at 267.[1] Courts have held that active participation in the counsel selection process is critical so that the lead plaintiff/lead counsel motion is not just a bargain among lawyers:

> Not only should the proposed counsel fees be the result of hard-bargaining, but the initial selection of counsel should also be the result of independent decision-making by the lead plaintiff. The SEC argues that "unless there has been active, effective client participation in the [selection] process, it is possible that the counsel arrangement may simply reflect bargaining among lawyers for their own stake in the case, and not serve the best interests of the class."

*In re Milestone Scientific Sec. Litig.,* 187 F.R.D. 165, 178 (D.N.J. 1999) (citation omitted). The record facts, evidencing a last minute referral of a lead plaintiff from one attorney to another, show that Fuhrer's motion is the product of a "bargain[] among lawyers." *Id*.

By contrast the record unequivocally shows that the members of the Ericsson Institutional Investor Group have been in control of their counsel (who they retained **before** this litigation) and their motion all along.

Fuhrer attempts to dismiss the declaration submitted by Lothian by stating that the representative from the Boston who appeared at the hearing should have corroborated Lothian's testimony. But Boston was not on the call during which Lothian instructed Labaton Sucharow to reach out to its other institutional clients, and cannot testify to a conversation to which it was not a party or witness. *See* Decl. of Esmond Hamilton at ¶7, Ex. A to the opening reconsideration brief. Looked at objectively, Fuhrer's "evidence" that the group is attorney-driven, which the Court accepted, amounts to no more than the

---

[1] In *Cendant*, the Third Circuit adopted the rule of reason approach to the issue of lead plaintiff groups, stating that courts should guard against groups that are too large, and, as illustration of groups that are too large, cites to cases involving groups of hundreds of class members. *Id*. at 267.

4

observation that Labaton Sucharow discussed the motion with its clients before it was filed, which is more than can be said of Fuhrer's motion. Indeed, Fuhrer attempts to paint the following statement from Keller at the hearing as an admission that the group is attorney driven:

> We advised them [the firm's clients] on a regular basis of all new filings. They contact us, and we as a matter of course advise them of other clients that are interested in it and they decide to go together.

Fuhrer Opp. Br. at 4. But this says that Labaton Sucharow advises its clients of new securities class actions and that the <u>clients</u> decided to file a joint motion. An attorney is required by the attorney-client relationship to keep clients informed of matters relating to the retention and this, of course, is entirely consistent with the PSLRA. The record does not supports the conclusion that that the Ericsson institutional Investor Group is attorney-driven. To the contrary, the record unequivocally proves that the idea for a joint motion was initiated by one of its members and that the rest agreed after talking about it on a conference call that predated the motion.

5

## **CONCLUSION**

The Ericsson Institutional Investor Group recognizes that reconsideration is disfavored, but the Order appointing Fuhrer as lead plaintiff, and its rationale, is wholly contradicted by the facts and should be reconsidered.

Dated: March 31, 2008                              Respectfully submitted,

**LABATON SUCHAROW LLP**

By:    */s/ Christopher J. Keller*
Christopher J. Keller (CK-2347)
Eric J. Belfi (EB-8895)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile:  (212) 818-0477

*Attorneys for the Ericsson Institutional Investor Group and Proposed Lead Counsel for the Class*