MANDATE

09-0134-cv
Steinberg v. Ericsson LM Tel. Co.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 3 0 2009

Case 1:07-cv-09615-RPP   Document 56   Filed 10/30/2009   Page 1 of 5

SDNY NYNY
07-cv-9615
Patterson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of October, two thousand nine.

PRESENT:   PIERRE N. LEVAL,
           REENA RAGGI,
                   *Circuit Judges*,
           JOHN GLEESON,
                   *District Judge.*\*

------------------------------------------------------------

JACQUES FURHER,

           *Plaintiff-Appellant*,

MERRILL STEINBERG, individually and on behalf of
all others similarly situated,

           *Plaintiff*,

CITY OF EDINBURGH COUNCIL ON BEHALF OF
THE LOTHIAN PENSION FUND, FORTIS
INVESTMENT MANAGEMENT N.V./S.A., DEKA

------------------------------------------------------------

\* District Judge John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

ISSUED AS MANDATE: OCT 29 2009

INVESTMENT GMBH and STATE-BOSTON
RETIREMENT SYSTEM, individually and on behalf of
all others similarly situated,

       *Consolidated-Plaintiffs*,

v.              No. 09-0134-cv

ERICSSON LM TELEPHONE CO., CARL-HENRIC
SVANBERG, KARL-HENRIK SUNDSTROM and
TELEFONAKTIEBOLAGET LM ERICSSON,

        *Defendants-Appellees*.

---

APPEARING FOR APPELLANT:  BRIAN P. MURRAY, Murray, Frank & Sailer LLP (Gregory B. Linkh, *on the brief*), New York, New York.

APPEARING FOR APPELLEE:  DANIEL J. KRAMER, Paul, Weiss, Rifkind, Wharton & Garrison LLP (Susanna M. Buergel, Charles E. Davidow, Brad S. Karp, Richard A. Rosen, Andrew D. Goldstein, Joshua D. Kaye, *on the brief*), New York, New York.

Appeal from the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 12, 2008, is AFFIRMED.

Plaintiffs sued defendants Ericsson LM Telephone Company ("Ericsson"), Carl-Henric Svanberg, and Karl-Henrik Sundstrom for securities fraud under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, alleging that defendants made false and misleading statements during an investors'

conference hosted by Ericsson on September 11, 2007. Plaintiffs now appeal the dismissal of their complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a ruling we review de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of plaintiffs. See Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Plaintiffs argue that the district court erred in concluding that they failed to plead facts sufficient to demonstrate false or misleading statements. Plaintiffs focus on statements made by Ericsson's CEO, Carl-Henric Svanberg, during the analysts' and investors' conference, which they contend conveyed the impression that third-quarter results would be only slightly down from second-quarter results when Svanberg knew that the results would be disastrously worse. We disagree. Plaintiffs' analysis focuses on individual statements taken out of context. When the defendants' statements are considered in light of analysts' questions and are taken in the context of the full discussion, we find that the statements were not misleading. Even clearer, however, is that the district court correctly ruled that the complaint failed to plead scienter, as required.

Under the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, a complaint must state with particularity facts

supporting a strong inference that defendants acted with "a mental state embracing intent to deceive, manipulate, or defraud," Ernst & Ernst v. Hochfelder, 425 U.S. 185, 193 n.12 (1976), or with "willful or reckless disregard for the truth," Lanza v. Drexel & Co., 479 F.2d 1277, 1306 (2d Cir. 1973). To survive a motion to dismiss, the inference of such scienter must be more than "merely reasonable or permissible – it must be cogent and compelling." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 324 (2007) (internal quotation marks omitted).

Plaintiffs do not purport to satisfy the scienter standard by alleging that the defendants intended to deceive; their allegation is rather that the defendants spoke with reckless disregard for the truth. The complaint, however, fails to allege facts supporting a compelling inference of recklessness.

To support such an inference, the complaint relies on nothing more than the asserted inaccuracy of the defendants' statements. Where the allegation of recklessness is supported by nothing other than the fact of inaccuracy, and the statements are, at worst, only slightly inaccurate, the inference of reckless disregard for the truth is not likely to be compelling. As noted above, plaintiffs' argument that Svanberg's statements were inaccurate depends largely on viewing the statements in isolation and out of context. The statements were made in the context of an informal back-and-forth with analysts – partially in response to questions that were themselves imprecise and potentially ambiguous. We have found that they were not

4

misleading. Even if we were mistaken in that conclusion, when the statements are viewed in the context of the questions asked and of the information that the defendants provided alongside their assailed descriptive language, the inference of falsity is tenuous at most, and the inference of recklessness to be drawn therefrom is not compelling. Because the complaint does not paint a picture of "extreme departure from the standards of ordinary care," Novak v. Kasaks, 216 F.3d 300, 308 (2d Cir. 2000) (internal quotation marks omitted), it was properly dismissed for lack of scienter.

We have considered plaintiffs' remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

By: _____

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by_____
DEPUTY CLERK